### BURDSALL *v.* WAGGONER et al.

As a general rule the father is entitled to the earnings of a son during minority, but where a minor son contracts on his own account for his services, with the knowledge of his father, who makes no objection, there is an implied assent that the son shall be entitled to his earnings.

*Appeal from District Court of Arapahoe County.*

Messrs. WELLS, SMITH & MACON, and Mr. S. S. WAL-LACE, for appellant.

Messrs. BENEDICT & PHELPS, for appellees.

STONE, J. This case presents substantially the same questions as the case of *Burdsall* v. *Waggoner and Moss.* The only question peculiar to this case is, whether Wag-goner, jr., was entitled to the money paid in purchase of the lot in controversy, it having been earned by him as wages during his minority. The testimony shows that young Waggoner had lived away from home from the time he was nine years old up to the time he came to Colorado, about two years before the date of the conveyance, at which date he was about twenty years of age; that during all the time he so lived away from home he was out from under parental control; that he earned his own living, clothed, supported and educated himself, with his father's full knowledge and consent; that when he came to Col-

orado, it was upon a proposition from his father to work for the latter at regular monthly wages ; that he did so work for about eighteen months, when he purchased the property in question of B. L. Ford, through his father as the agent of Ford ; that he had a settlement with his father and was allowed in payment the sum of $720, which was applied as purchase-money on the lot in question ; that he then went to Washington, D. C., to complete his education, where he got a position in the pension office at a salary of $1,200 a year, out of which he remitted to Ford the balance of the purchase-price of the lot ; that after the purchase he leased the lot to Waggoner, senior, in consideration of the payment of taxes on the property ; that the purchase of the lot was agreed upon several months prior to the execution of the deed, and prior to the judgment of the appellant against Waggoner, senior. We think the evidence fully establishes the emancipation of Waggoner, junior, and that he was therefore legally and justly entitled in his own right, to his wages which were applied in the purchase of the property in question.

While it is clear, that as a rule the father is entitled to the earnings of his son during minority, yet it is equally clear that this right may be relinquished, and where such minor son contracts on his own account for his services, and the father knows of it and makes no objection, there is an implied assent that the son shall be entitled to his earnings. *Morse* v. *Welton*, 6 Conn. 551 ; *Whiting* v. *Earle*, 3 Pick. 201 ; *Nightengale* v. *Worthington*, 15 Mass. 273.

And in every other respect the *bona fides* of the conveyance, on the part of the grantee, was fully established by the evidence. As no fraud was proved so as to affect the title of the grantee as a purchaser for a valuable consideration and without notice, and since the bill is defective in the same respect as in the case of the appellant against Waggoner, senior, and Moss — the other case referred to — the decree of the court below will be affirmed.

*Decree affirmed.*

Mr. Justice ELBERT, having been of counsel in the court below, did not sit in this case.