APRIL TERM, 1924.

No. 10,834.

PAWNEE FARMERS ELEVATOR AND SUPPLY CO. *v.* POWELL.

Decided July 7, 1924.

Action for personal injuries.  Judgment for plaintiff.

*Reversed.*

1. EVIDENCE—*Weight and Sufficiency.*  The weight and sufficiency of the evidence is not to be determined alone by the greater number of witnesses, but by the greater weight and sufficiency of the evidence, of which the jury is the sole judge. ,

2. APPEAL AND ERROR—*Prejudiced Verdict.*  On a review of the record in a personal injury case, it is held that a verdict for the injured employe did not show that it was so influenced by passion, prejudice or sympathy as to require a reversal.

(1)

3. NEGLIGENCE — *Contributory* — *Burden—Instructions.* Contributory negligence being involved in a personal injury case, an instruction that the burden of proving such negligence was upon defendant, held not objectionable.

4. PLEADING—*Answer—Contributory Negligence.* Allegations of an answer in a personal injury case, held to state the defense of contributory negligence.

5. INSTRUCTIONS—*Contributory Negligence.* Where in a personal injury case the question of contributory negligence is involved, it is the duty of the court on request to not only define such negligence and its effect, but also to instruct as to the degree of care required of the injured person and the effect of his neglect to exercise such care.

6. PARENT AND CHILD—*Earnings of Minor.* A father is entitled to the earnings of his child during his minority unless the minor has been emancipated. The mere fact that a father as the next friend of his child brings an action for damages for personal injuries to the minor, is not equivalent to emancipation.

7.       *Actions.* Where a minor receives personal injuries while employed by another, the father has a right of action for dimunition of earning capacity of the child during his minority, and the minor would have a cause of action for the physical injuries suffered.

8. DAMAGES—*Personal Injuries—Future Earning Capacity.* In a personal injury case, an instruction that plaintiff as one element of his damage was entitled to recover for decreased future earning power caused by the injury, held erroneous where there was no evidence upon which to base an estimate of the amount of such damage.

*Error to the District Court of Weld County, Hon. A. F. Hollenbeck, Judge.*

Messrs. COEN & SAUTER, for plaintiff in error.

Mr. THOMAS A. NIXON, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff Powell, a minor, by his next friend, his

father, recovered a judgment against the defendant elevator company in the sum of $2,500 for personal injuries which he sustained while in its service and as the result of its alleged negligence. Plaintiff was eighteen years and nine months old at the time of the accident. He was employed as a workman at the defendant's elevator, and was put to work on a feed grinder, and on the fourth day after he began work the injury was inflicted. This grinder is a machine consisting of a hopper, three corrugated iron or steel rollers and other parts. It was used for grinding corn and other grains. The grain is fed or poured into the hopper and crushed and rolled into feed, meal or flour. The rollers or grinding parts are out of sight and not open to inspection by one operating the grinder. Plaintiff testified that he knew nothing about such a machine or that it was dangerous, and the manager by whom he was employed never told him how to operate it. On the day of the accident the machine became clogged by a corncob. Plaintiff went to the manager, who was in the elevator, and told him about it and asked how to remove the obstruction. The manager said nothing in particular but went with the plaintiff to the machine, which was running, and thrust his hand down into the hopper out of sight and removed the corncob. Shortly thereafter the machine became clogged again and the plaintiff, imitating the act of the manager, as he supposed, thrust his hand down into the hopper for the purpose of removing the obstruction and his left hand was caught in the rollers and the first three fingers were crushed. Two or three surgical operations were performed on these fingers, removing them entirely from the hand and the fourth or little finger was rendered stiff.

Upon this review the defendant has assigned and argued as error: (1) The verdict is contrary to the evidence; (2) the verdict is contrary to the law; (3) error in instructions.

1. Recognizing the general rule of appellate courts that a judgment entered on the verdict of a jury, that is approved by the trial court, will not be lightly, or at all, set

aside, except in extreme cases, as where the evidence is practically of no probative force, or where the verdict is manifestly against the weight of the evidence, or the jury were governed by passion or prejudice, the defendant's counsel, in analyzing the evidence, in a cogent and persuasive argument—quite appropriate, of course, to a jury —contends that this record brings the judgment under review within an exception that is as well established as the general rule itself. The only negligence charged in the complaint is a failure of the defendant's manager to give to the plaintiff employee proper instructions how to run or operate the feed grinder on which he was working at the time of the injury. The testimony upon this issue is in irreconcilable conflict. The plaintiff, as stated, testified that he was an inexperienced schoolboy, unacquainted with machinery, unaware of the dangerous character of the feed grinder, received no instructions from the defendant as to how the work should be done, was not informed as to the dangerous character of the machine, and that, in his attempt to remove the obstruction, he was acting in accordance with, and adopting, the method which the manager himself only a few minutes before in his presence had employed in removing a like obstruction. The manager testified that he had given full and complete instructions to the employee, how to work at the grinder, had told him that it was dangerous and that he should never put his hand into the hopper to remove an obstruction, and that he was to use a stick near at hand for such purpose. Two other witnesses for the defendant, apparently disinterested, one of whom is a cousin of the plaintiff, each testified that on separate occasions the dangerous character of this machine was called to the plaintiff's attention before he sustained the injury, and that the plaintiff was aware of the danger incident to its operation and, in effect, was himself guilty of negligence that caused the injury. The plaintiff is corroborated in some respects by some of his own witnesses. It may be, and doubtless is, true that, as to the material facts, more witnesses testified in favor of the defendant

than for the plaintiff, but the weight and sufficiency of evidence is not to be determined alone by the greater number of witnesses, but by the greater weight and sufficiency of the evidence, of which the jury is the sole judge. Though there are some facts and circumstances in the record that tend to show, as the defendant argues, that the sympathy of the jury might have been aroused on account of the injury and the consequent financial loss to the plaintiff and his disfigurement, we can not say with entire confidence that the jury was controlled by passion or prejudice or by sympathy to such an extent as to require us to set aside its verdict.

2. The court instructed the jury, in substance, that where a defendant sets up as an affirmative defense that the plaintiff was guilty of contributory negligence which caused or contributed to the injury, the burden of proof is upon him to prove it. In this state this court has frequently announced that doctrine. We see no objection to this instruction, if the issue of contributory negligence was in the case. The plaintiff, however, says that the defendant did not plead it, hence the giving of this instruction, being upon an issue not involved, was error. We do not so read the defendant's answer. It specifically and affirmatively alleges that the plaintiff, after having been duly informed by defendant's manager how to operate the machine, and having been warned of its dangerous character and that he should never in its operation place his hand in proximity with the rollers, or attempt to clean it while it was running and in operation, and never to use his hands for that purpose but should use a stick provided therefor in cleaning the machine, disregarded these instructions and in violation of such warnings and contrary to the instructions, negligently, carelessly and recklessly attempted to clean the grinder by placing his hand in proximity with the working parts, and because of such negligence the injury was inflicted. If this does not state contributory negligence, we do not know what its purpose was or how contributory negligence could be more clearly

stated. As we read the argument of defendant's counsel, the real objection is that the court used the expression "contributory negligence" instead of "negligence". If there is any material difference, so far as concerns this objection, between these expressions, the use by the court of "contributory negligence" was less harmful to the defendant than would have been the word "negligence."

3. The court in its own instructions, neither expressly nor by implication, informed the jury that it must appear from the evidence that the plaintiff himself was free from fault or negligence in order to recover. The defendant tendered an instruction, which the court refused, that the law imposed upon the plaintiff the use of ordinary care for self-protection against injury, and that if plaintiff in this respect failed, he could not recover. In 26 Cyc. pp. 1507, 1508, the author says that where, under the pleadings and the evidence in a personal injury case, an instruction on contributory negligence is applicable and it is given, the court should also instruct as to what constitutes such negligence and its effect, and as to the degree of care required by a servant in doing his work out of which the injury arose, and, if the same is not observed, its effect should be stated. We think it was prejudicial error of the court in neglecting to inform the jury as to the plaintiff's duty to exercise reasonable care. The court in its instruction No. 4 stated four things which must appear from the evidence to entitle plaintiff to a recovery: (1) Defendant's negligence complained of; (2) that it caused the injury; (3) that plaintiff was thereby damaged; (4) the amount of such damage. In the same instruction the burden of proof was properly placed on defendant to establish contributory negligence of plaintiff. But nowhere was the jury told the effect of contributory negligence if found, or what would be the effect if it appeared that reasonable care was not observed by plaintiff. With such instructions as were given, as to the care or lack of care of the parties, the jury might have found, and were authorized to return, a verdict for plaintiff, even though they believed his own

evidence showed negligence on his part that directly contributed to the injury.

4.  In another instruction to the jury the court said that in estimating damages for the plaintiff, if damages were awarded, the jury should take into consideration, among other things, the loss of wages which resulted to him from the injury, if any, the nature and extent of his physical injuries and their effect upon his ability to earn his living, and the probable effect of these injuries upon his future earning capacity as will naturally follow from their nature. The plaintiff himself testified as to the amount of the loss of his wages, which was less than $100.00, and the court should have told the jury that for loss of wages their verdict could not exceed the estimated sum. This instruction was also erroneous because the jury were told that in estimating plaintiff's future earnings, he was entitled to a recovery thereof during his minority, and it did not restrict the time to that following his majority. A father is entitled to the earnings of a minor during his minority, unless the minor has been emancipated. The mere fact that in this case the father, as the next friend of the minor, brought the action is not equivalent to emancipation. The father would still, unless the son was emancipated, have a right of action against the defendant, if its negligence caused the injury, for diminution in the earning capacity of his minor son during minority, and the minor son himself has a cause of action against the defendant for the same injury because he suffered physical injury. 29 Cyc., p. 1642; *C., B. & Q. R. R. Co. v. Krayenbuhl*, 65 Neb. 889, 91 N. W. 880, 59 L. R. A. 920; *King v. Viscoloid Co.*, 219 Mass. 420, 106 N. E. 988; Ann. Cas. 1916D, 1170; *Comer v. Ritter Lumber Co.*, 59 W. Va. 688, 53 S. E. 906, 6 L. R. A. (N. S.) 552, 8 Ann. Cas. 1105.

In the West Virginia Case is a thorough discussion of the subject and a review of the authorities. In *Burdsall v. Waggoner*, 4 Colo. 261, the court states the general rule to be that a father is entitled to the earnings of his son during minority. In that case it was said, which is true, that this

right may be relinquished by the father. There are, however, no facts present in this record which bring the case within the exception to the general rule, and, as we have already said, the mere fact that the father, as the next friend, brought this suit, is not equivalent to emancipation or relinquishment of right to the earnings of his minor son. The instant action is in the name of the minor by his next friend, the father, but it is to recover for personal injuries which the minor himself has sustained and for which he is entitled to damages in his own behalf other than for earnings during minority. Without some further allegation in the complaint, and evidence in its support, than this record contains, the minor is not entitled to recover for possible future earnings during the remaining period of his minority, for those belong to the father until properly relinquished.

5. The defendant complains of an instruction by the court that the plaintiff, as one element of his damage, was entitled to recover for permanent disability to work in the future and for a decrease of his earning power caused by the injury. The objection is based upon the fact that there is no evidence in the record of any diminution of plaintiff's ability to work, or that his earning capacity will be less because of the injury. Plaintiff's counsel, on the other hand, says that since the plaintiff is a schoolboy and had never engaged in any occupation, it was impossible to give any specific evidence upon this point and that the jurors, in the absence of such estimate, may determine for themselves and upon their own experience in life the amount of this element of damage. We are impressed with the reasoning of plaintiff's counsel in so far as concerns evidence of some specific amount of earnings; that is, the plaintiff should not be denied any recovery at all for diminished earning power merely because he is unable to give specific evidence of the amount of his earnings before the accident, as compared to what they would be thereafter. But there should be some evidence in the record of the probable effect upon future earning capacity which the injuries occa-

sioned.   A physician might be able to give valuable information upon this issue.   We are inclined to the view that under the doctrine of *The Diamond Rubber Co. v. Harryman,* 41 Colo. 415, 92 Pac. 922, 15 L. R. A. (N. S.) 775, there being no evidence at all here to establish these elements of damage with reasonable certainty, there was no proper basis for their allowance.   In *City of Freeport v. Isbell,* 83 Ill. 440, 25 Am. Rep. 407, and in *Chicago, I. & L. R. R. Co. v. Thrasher,* 35 Ind. App. 58, 73 N. E. 829, and in *City of Boulder v. Stewardson,* 26 Colo. App. 290, 143 Pac. 820, instructions much like instruction No. 6, given by the court in the instant case, were held improper because of the absence of any reasonable certainty to sustain them. In the event of a new trial such evidence as to decreased earning power, absent from this record, may be supplied. There are no facts, however, in the present record to justify that portion of instruction No. 6 as to damages for decrease of earning power.

Not because of the insufficiency of the evidence as a whole to warrant some damages, but because of the error of the court in giving erroneous instructions as indicated, must this judgment be, and it is accordingly, reversed and the cause remanded.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.