## No. 17,176.

McEntyre et al. *v.* Jones.

(263 P. [2d] 313)

Decided November 16, 1953.   Rehearing denied November 30, 1953.

Messrs. Wolvington & Wormwood, for plaintiffs in error.

462

Mr. John Ira Green, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

This is an action under a so-called wrongful death statute for the recovery of damages not to exceed $10,-000, as limited by statute, for the death of a thirteen-year old girl allegedly caused by the negligence of the defendants, now plaintiffs in error. To the allegations of negligence an answer was filed denying negligence and asserting contributory negligence on the part of the child, to be imputed to the plaintiff mother, and further alleging the incident to be an unavoidable accident.

Trial was had to a jury which returned a verdict of $7,500 in favor of plaintiff, and judgment was entered thereon. Motion for a new trial was filed and overruled. Defendants, as plaintiffs in error, rely upon seven points for reversal, namely: 1. That the trial court erred in granting plaintiff's demand for a jury of twelve made in the presence of the jury after the case had been called for trial; 2. in denying defendants' motion for continuance after granting plaintiff's demand for a jury of twelve; 3. in ordering a special jury venire; 4. in admitting exhibits relating to funeral and burial expenses, because these were special damages and not pleaded; 5. testimony of witness as to the width of a truck; 6. that the verdict of the jury was excessive, since there was no evidence of compensatory damages; and, 7. that the verdict was the result of passion and prejudice.

On August 4, 1952, Shirley Suzanne Jones, thirteen-year old daughter of plaintiff, was fishing from a bridge across the Conejos river, seemingly on defendants' property, which bridge was constructed to provide a means of crossing the river to the guests at a ranch operated by defendants. The bridge was unrailed. Defendants were the owners of a 1951 Dodge three-quarter ton

truck, which they used in connection with their ranch operations. On the day in question, the truck was being driven by one of the defendants, Frances E. McEntyre, wife of the other defendant. The testimony seems to be undisputed that she drove the truck onto the bridge and stopped; that the girl was standing by the side of the truck after it stopped; that Mrs. McEntyre, defendant driver, saw another car approaching the bridge and her attention was thus directed. Witnesses, who were occupants of the approaching car, testified that they saw the girl standing at the side of the truck while it was stopped on the bridge. Instantly the girl disappeared, and the testimony is in violent conflict as to what happened. Plaintiff's witnesses testified that the truck was started and it hit the girl and knocked her off the bridge. This is denied by other witnesses. However, the conflict in the testimony was resolved against defendants by the jury.

We have carefully examined the record and are of the opinion that no claimed error is of sufficient merit to justify reversal, because not prejudicial; however, since one specification is that, "The entire record discloses a failure on the part of the jury to follow instructions, or to apply them to the evidence," we are inclined to re-evaluate instructions on damages formerly approved by this court in like cases, especially where such instructions are in direct conflict, and where, as is now claimed, the verdict of the jury under the so-called death statute is excessive.

██ ██ Instruction No. 9 given to the jury in this case is in the exact wording of the instruction approved in the case of *Lehrer v. Lorenzen,* 124 Colo. 17, 233 P. (2d) 382, and with slight variation again approved in *St. Lukes Hospital Association v. Long,* 125 Colo. 25, 240 P. (2d) 917. In *Lehrer v. Lorenzen, supra,* the damages were limited to the *net* pecuniary loss, while in the latter case, it is for the pecuniary loss. However, both of these late cases, by implication, overrule the case of *Tadlock v.*

*Lloyd,* 65 Colo. 40, 173 Pac. 200, in that the instruction approved in the later cases, defines the net pecuniary loss, if any, sustained by plaintiff by reason of the loss of her daughter, as equivalent to the pecuniary benefits, if any, which the plaintiff might have expected to receive from the continuation of the daughter's life less the cost of properly and suitably maintaining and educating her. The jury was further instructed that in assessing plaintiff's damages, if any, they should consider the age, health, and condition of life of her deceased daughter, her habits of industry, her ability to earn money, her disposition to aid and assist the plaintiff and the probable duration of the life of the plaintiff and of her deceased daughter if she had not died as a result of the accident. In the case of *Tadlock v. Lloyd, supra,* such benefits were to be measured during the minority of the deceased child. Our later cases seem to be in harmony with the majority rule in other jurisdictions in holding that the time element involved is not confined to the minority of the child, but is to be calculated on its life expectancy, therefore we now say that the case of *Tadlock v. Lloyd, supra,* in that respect is overruled. However, in the matter of approving or disapproving damage instructions in such cases, we wish to point out that a proper instruction, not only should permit the calculation of the net pecuniary loss for the period of the deceased child's expectancy, but also should confine such period to the expectancy of the parent or parents involved.

■ We may add that in this case it is contended that the trial court erred in admitting into evidence the item of funeral expenses for the child in the sum of $575. The objection to the admission of this item was on the ground that the funeral expenses so paid were special damages and therefore could not be proven under an allegation of general damages unless pleaded. Upon the great weight of authority, where a statute like the one under which this suit is maintained, permits recovery of damages, funeral expenses are a proper element of dam-

age, particularly where the plaintiff was bound in law to assume and pay them.

█ We believe the verdict is amply supported by the evidence and not excessive when considered in the following light, "As a matter of sentiment, life has no pecuniary value, but considered with reference to the relations of deceased with others, it is capable of such estimate. In this sense a parent is entitled to the services of children during their minority, and to support and maintenance from them in his declining years." *Kansas Pacific Railway Co. v. Lundin, Adm.,* 3 Colo. 94, and approved in *Hospital Association v. Long, supra.*

The judgment is affirmed.