No. 19,346.

RUDY JACHETTA, ETC. *v.* LEONARD MILANO.
(362 P. [2d] 1065)

Decided June 26, 1961.

Mr. F. RICHARD HITE, for plaintiff in error.

Mr. GEORGE FISCHER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

A JUDGMENT favorable to plaintiff Milano in the trial court is attacked on this review on the sole ground that Milano failed to maintain the burden of proof in the

trial of his action to recover for money alleged to have been loaned to Jachetta. The only witnesses who testified at the trial were Milano and Jachetta, the parties to the action.

These parties were in disagreement; their testimony was in diametric opposition. Milano related circumstances showing that Jachetta was obligated to him; Jachetta disputed the circumstances and the claim. At the conclusion of the evidence, the trial court stated that it was "faced with the fact that neither one of these gentlemen have been impeached." The court did say, however, that there were some defects in the testimony of each party, without detailing them.

Introduced in evidence was a photostatic copy of a bank money order purchased by Milano, made payable to him, and on the same day turned over to Jachetta, who endorsed and deposited it in his bank account. Milano testified that the amount of the money order was a loan to Jachetta; Jachetta maintained that the money order was cashed at his store as an accommodation to Milano. The purchase of this money order and subsequent events involving it were persuasive factors with the trial court in entering judgment in favor of Milano.

It is contended by Jachetta that, where only two witnesses testify and they do so in opposition to each other, and stand before the trier of the facts unimpeached, the evidence on the issue is in equipoise, and that, applying this principle, Milano, the plaintiff, having the burden of proof, has failed to present preponderating proof.

There are two answers to this contention, both of which effectually confute it.

■ 1. With propriety the trial court let the beam of the scales tilt in favor of Milano because of the money order and the circumstances of its use. It is the function of the trier of the facts to assign weight to evidence properly before it. *Gwynn v. Butler,* 17 Colo. 114, 28 Pac. 466. In its view this bit of proof gave the preponderating weight of the evidence to Milano.

■ 2. This court has never recognized the rule which automatically favors the side having numerical superiority of witnesses. The immemorial rule is that "the weight and sufficiency of evidence is not to be determined alone by the greater number of witnesses but by the greater weight and sufficiency of the evidence * * * " *Pawnee, etc., Co. v. Powell,* 76 Colo. 1, 227 Pac. 836, 37 A.L.R. 6.

No better statement of the applicable rule can be found than that contained in the case of *Garver v. Garver,* 52 Colo. 227, 121 Pac. 165, Ann. Cas. 1913 D 674. We quote:

"The preponderance of the evidence is never determined by the number of witnesses, but by the greater weight of all the evidence. And the greater weight does not necessarily mean a greater number of witnesses who testify on either side of the issue or issues involved. Witnesses may be of 'equal candor, fairness, intelligence and truthfulness,' and be equally well corroborated by all the other evidence, and may have no great interest in the result of the suit, yet the weight to be given their respective testimony may differ materially. The opportunity for knowledge, the information possessed, the manner of testifying, and many other things that go to convince the mind, must be taken into consideration."

The very contention urged by Jachetta (in the cited case in the form of a tendered instruction) was discountenanced in the case of *Fleetford v. Barnett,* 11 Colo. App. 77, 52 Pac. 293, in these words:

"It not infrequently happens that there is but one witness on either side, and that these stand in direct opposition to each other as to the existence or nonexistence of a fact, or as to the occurrence or nonoccurrence of a conversation. It may easily happen in such a case that both witnesses are equally credible so far as their credibility is affected by their character as presumed or established, and the jury have a right to believe the one or the other as they choose. The simple fact of opposi-

tion does not of necessity affect the preponderance or weight of the evidence because the question of credibility is for the jury."

In a suit for labor performed it was held that, even though the plaintiff was the only witness for himself, it could not be maintained that a verdict in his favor was manifestly against the weight of the evidence. *Wood v. Hazelet,* 77 Colo. 442, 237 Pac. 151.

It would thus appear that a numerical superiority is not necessary to establish a claim; that two opposing unimpeached witnesses do not necessarily place evidence in balance; and that the appellate courts of this state have recognized such propositions in a number of cases.

For the reasons given, we must and do affirm the judgment.

Mr. Justice Moore and Mr. Justice Sutton concur.