No. 19,585.

Jerrold E. Stevens *v.* George A. Strauss, et al.
(364 P. [2d] 382)

Decided August 28, 1961.

Mr. John C. Marsh, for plaintiff in error.

Mr. Robert E. McLean, Mrs. Marjorie Worland McLean, for defendants in error.

*En Banc.*

Mr. Justice Doyle delivered the opinion of the Court.

The judgments before us for review were awarded following a trial to the court of an action in which plaintiffs (defendants in error here) sought to recover from defendant (plaintiff in error) for the wrongful death of their daughter. The sum of $7,676.96 was awarded to

George A. Strauss. The award to Dorothy Strauss was in the amount of $12,500.00.

The death complained of occurred in a one car "accident" on May 10, 1958, in the late afternoon on a highway in Gilpin County just south of Rollinsville, Colorado. The highway on which it occurred is a winding mountain road on which the speed limit is 40 miles per hour. Defendant was driving a Thunderbird automobile at a speed of from 70 to 80 miles per hour according to the opinion of the investigating officer at the scene. He found the vehicle lodged against a bridge abutment. Defendant had been thrown from the car and was lying unconscious on the north bank of the stream. The body of deceased had been thrown from the car and was found approximately a half mile down stream. Skid marks left by the car ·started approximately 600 feet south of the accident around a right hand curve. A partly consumed bottle of whiskey was found in the car.

Although there was no direct evidence establishing that defendant had been driving the car, the officer expressed the opinion, based on the "type of driving," speed, etc., the leg injury to defendant plus the registration of the car in his name, that defendant had been the driver.

Defendant denied any knowledge of the happenings on that day and was unable to say he had been driving. He claimed (at the trial) to be the victim of a blackout. He remembered leaving the campus at Boulder about noon in company with deceased. In the course of conversations with Bernard A. McCauley, a special investigator, he admitted that he had driven the car prior to the accident, and also that he had had some drinks of hard liquor in a saloon in Central City. At the trial he denied that he had made such admissions to Mr. McCauley.

Other testimony revealed that deceased was a senior at Colorado University at the time of the accident, that she was engaged in a course of study in preparation for a career as a medical art illustrator. It was shown that

she received her degree posthumously in June 1958. At the time of her death she was vice president of her sorority. She had worked in a doctor's office in the summer and had also worked as a camp counsellor. Her moral character was shown to be good.

It further appeared that the father, George A. Strauss, had a life expectancy of 22.88 years; that he was a salesman for a paint contractor and apart from a salary of $7,200.00 per year, was of modest means.

The mother, Dorothy Strauss, was shown to be a housewife with no earning capacity. Although she had worked prior to marriage, she was at the time unable to work due to having a thirteen-year-old daughter.

The trial court found and concluded that:

"From the foregoing facts, the Court finds, from a preponderance of the evidence, that the defendant, Jerrold E. Stevens, was the driver of the automobile in which the deceased was a passenger, and that the defendant violated the provisions of Chapter 13, Article 9, Section 1, C.R.S. 1953, thereby causing the death of Sandra K. Strauss, and that by reason thereof, the plaintiffs are entitled to recover.

"Further, the Court finds that the deceased was an ambitious, industrious, home and family loving girl, who had taken advantage of the education provided by her parents, and who was on the threshold of a very promising career as a medical artist. She was twenty-three years of age and had a life expectancy of 44.77 years.

"The Court further finds that the plaintiff father was born August 13, 1910, and has a life expectancy of 22.88 years.

"The Court further finds that the plaintiff mother was born December 31, 1911, and has a life expectancy of 23.65 years.

"The Statutes of the State of Colorado provide, in Chapter 40-12-18:

" 'Any adult person having a parent destitute of means of subsistence and unable by reason of old age, infirmity,

sickness or other good cause to support himself or herself who is possessed of or is able to earn means sufficient to provide such parent with necessary food, shelter, care and clothing, and neglects or refuses so to do, shall be * * * punished * * * '

"The duty wherein a parent is entitled to support and maintenance from their child or children in his or her declining years is reiterated in many decisions. McEntyre, et al. v. Jones, 128 Colo. 461; Dawkins v. Chavez, 132 Colo. 61-72; K. P. Ry. Co. v. Lundin Adm., 3 Colo. 94.

"Pecuniary loss, in cases of this kind, will be presumed. Humbert v. Lowden, 56 N.E. (2d) 323; Gardner v. Hobbs, 206 Pac. (2d) 539.

"It is not necessary for a husband and wife, in order to recover for the death of an adult child, to prove loss of food, clothing, shelter or care which may be measured in dollars and cents. The Court may consider the loss of a legal obligation for future financial support, bodily care and intellectual care. Gardner v. Hobbs, supra.

"Also, the mental, moral and physical characteristics of the child must be considered as well as the expectation of life in determining the pecuniary aid which she would probably give to the parents and the probable future earning capacity of the child. The daughter in the instant case had a bright future. 'The sky was the limit' as to her potential earning capacity. Immel v. Richards, 93 N.E. (2d) 474.

"Absolute accuracy in determining damages cannot be attained in this type of case. Common sense and sound discretion must prevail in determining such damages, but in truth, money cannot compensate the mother and father for their loss.

"However, it is the duty of the Court to evaluate such loss on a money basis or 'pecuniary loss' in light of the evidence in the case.

"It is the considered judgment of the Court that the plaintiff father, George A. Strauss, has been damaged in the sum of $7,676.96, and that the plaintiff mother, Dor-

othy J. Strauss, has been damaged in the sum of $12,500.00.".

Defendant argues that the trial court's judgment should be set aside because *first* plaintiffs failed to plead and prove freedom of the deceased from contributory negligence, and *second* the "judgment was excessive."

■ 1. The law is contrary to defendant's contention. No obligation rests upon a plaintiff to negative contributory negligence. Contributory negligence is not presumed. While the proof offered by the plaintiff may establish contributory negligence, unless it so appears, such negligence is an affirmative defense, and the burden of proving it rests upon the defendant. *Pawnee Farmers Elevator & Supply Co. v. Powell,* 76 Colo. 1, 227 Pac. 836; *Denver City Tramway Co. v. Gustafson,* 21 Colo. App. 478, 121 Pac. 1015; *Denver City Tramway Co. v. Carson,* 21 Colo. App. 604, 123 Pac. 680; Colorado Rules of Civil Procedure, Rule 8 (c); *Platte & Denver C. & M. Co. v. Dowell,* 17 Colo. 376, 30 Pac. 68. The procedure is not different in death cases. *Willy v. Atchison Topeka & Santa Fe Ry.,* 115 Colo. 306, 172 P. (2d) 958, and the case arising under the guest statute places no such peculiar burden upon the plaintiff. See *Ling v. Pease,* 123 Colo. 518, 232 P. (2d) 189, and the cases there cited. We are not disposed to adopt the rule urged by defendant, noted as minority doctrine in 65 C.J.S., Negligence, Sec. 194 (c), p. 916.

■ 2. There is little to be added to the highly pertinent and comprehensive findings of the trial court quoted above. All of the factors considered were relevant and the final result took into account the present and prospective circumstances of the plaintiffs, including the probable incapacity of plaintiff Dorothy Strauss with respect to future earnings.

Decedent was a well educated, well trained young woman, cut off at the threshold of her earning career. She had a long life expectancy. The plaintiffs, both in the neighborhood of 50 years of age, could look forward

to an expectancy of 20 years. In such circumstances it was entirely proper for the court to conclude that plaintiffs could reasonably expect to benefit from the earnings of the deceased in at least the sums awarded. Cf. *McEntyre v. Jones,* 128 Colo. 461, 263 P. (2d) 313; *Dawkins v. Chavez,* 132 Colo. 61, 285 P. (2d) 821.

The judgments are affirmed.