Opinion by
Mr. Justice Day.
The parties appear here in the same order as they did in the trial court, and we will refer to them as they there appeared or by name.
Plaintiff Mabel Folck brought suit for damages for injuries resulting from a fall on the threshold of defendant Archie Haser’s apartment building. The front entrance of the building has two swinging doors. There is a single step down, outside of the doorway, to the cement sidewalk. At the time of the accident there was a metal mesh mat on the walk below the step. The manager of the apartment, who was also plaintiff’s sister, testified that the mesh mat did not always stay in place and had a tendency to buckle and that this condition had been called to the attention of the defendant. There was no direct testimony as to whether the mat was buckled at the time of the accident.
The fall occurred at night. There were two lighting fixtures on' each side of the front entrance of the building, but these lights had never been illuminated while the defendant had been the owner of the building. *14 There was a fluorescent light burning in the vestibule inside the entrance. Plaintiff had entered the building through the same doorway without incident to visit her sister. After terminating her visit she made her exit through the doors, which swing outward. She testified that she walked through the doorway to the edge of the single step, closed the swinging doors behind her, and then took the one step down to the sidewalk. When she attempted to take the next step, she felt that her feet were entangled in an object on the sidewalk, which she later discovered to be the metal mat. She lost her balance and fell upon attempting to extricate her shoe from the mat. Plaintiff suffered a back injury which required surgery.
Trial was to a jury and a verdict was returned for the defendant Haser. Plaintiffs motion for new trial was argued and denied and final judgment was entered in favor of the defendant.
On this writ of error plaintiff seeks .reversal of the judgment and a new trial on the grounds that several of the instructions to the jury were erroneous, misleading and highly prejudicial. We will comment on each of the instructions in the order in which they were presented in the brief and on oral argument.
I.
One of the instructions plaintiff asserts was erroneous was No. 16, which reads as follows:
“If you find from a preponderance of the evidence that the accident in question was proximately caused by the sole negligence of the defendant and that the plaintiff was not guilty of any contributory negligence then your verdict will be for the plaintiff and against the defendant.
“If you find from a preponderance of the evidence that the accident in question was proximately caused by the sole negligence of the plaintiff, or that the accident in question was proximately caused by the combined negligence of the plaintiff and of the defendant, *15 then your verdict will be in favor of the defendant and against the plaintiff.”
Plaintiff objected to the first paragraph of the instruction and asserts here that it was erroneous on the ground that it placed upon plaintiff the burden of proving her own freedom from contributory negligence contrary to the majority rule not only in Colorado but in an overwhelming majority of other jurisdictions. See Stevens v. Strauss, 147 Colo. 547, 364 P.2d 382.
We agree that the plaintiff does not have the burden of proving that she was not contributorially negligent. The jury was so told in instruction No. 3, to wit:
“The burden of proof was upon the defendant to establish his allegation of contributory negligence on the part of the plaintiff by a preponderance of the evidence.”
Does instruction No. 16 contradict instruction No. 3, and is it inconsistent with the rule of law as to the burden of proof? We answer the question in the negative. Instruction No. 16 refers only to a verdict to be returned for either party in the event that the jury makes certain determinations or findings. The jury is told that if it finds the defendant was negligent and that the plaintiff was not, its verdict should be for the plaintiff. Obviously the jury must be told that before a plaintiff can recover, it — the jury — must determine that she was free from or not guilty of “contributory negligence.” The instruction refers to what the jury must find — not what the plaintiff must prove. This is no different than in criminal cases in which the jury is toM in certain instructions that if certain findings are made by it, it must find the defendant not guilty. We know of no other way to explain to the jury concerning the prerequisites of a verdict for the plaintiff except to instruct that it must, even if defendant is negligent, determine that plaintiff “was free from negligence” or was “not negligent” or that there was “an absence of negligence” on her part, as shown by the proof offered by defendant per the instruction concerning defendant’s *16 burden. It was not incumbent upon the court to redefine in instruction No. 16 the “burden of proof” because the jury also was instructed that it should consider all of the instructions given together as a whole.
Plaintiff argues also that the first paragraph of instruction No. 16 is erroneous because after the words “contributory negligence” the court failed to insert the words “which was the proximate cause of plaintiff’s injuries.” We hold that the failure to repeat in instruction No. 16 that plaintiff’s contributory negligence must be the proximate cause of her injuries does not make the instruction erroneous. Other instructions given dealt with the matter of proximate cause. If the jury in returning the verdict for the defendant did infer from the evidence that plaintiff was contributorially negligent, it could only have been on the basis that she failed to watch her step or failed to see the mat which it could infer was plainly visible to her. In such event her failure to see would be the proximate cause of the fall.
II.
Error is next asserted in the giving of instructions Nos. 11 and 15 which, it is argued, were patently contradictory to each other. Instruction No. 11 informed the jury:
“A landlord is under no obligation or duty to light stairways or halls for the benefit of his or her tenants or for visitors, unless a dangerous condition exists therein by reason of faulty construction, or unless there are hidden dangers therein known to the landlord and unknown to his tenants.”
Instruction No. 15 reads:
“The Court instructs the jury that at the time of the plaintiff’s injury the Denver Municipal Ordinance applicable to apartment houses provided:
“ ‘All buildings, structures, or utilities existing and new, and all parts thereof, shall be maintained in a safe condition.’
*17 “The Denver Municipal Ordinance further provided:
“ ‘Exits shall be illuminated with light having an intensity of not less than one foot candle at floor level.’
“The failure to comply with applicable provisions of a municipal ordinance is negligence in itself. Accordingly, if you find from a preponderance of the evidence that defendant did not maintain his apartment house in conformity with the requirements of the ordinance quoted above, his failure to do so would be negligence.”
 The instructions are not contradictory because instruction No. 11 deals with the halls and stairways and No. 15 with the exits. Instruction No. 11 should not have been given, first, because the hallways and stairways were not involved and had been safely traversed by plaintiff before she reached the exit, and, secondly because there was no issue as to the lighting of the halls and stairways because they were amply and sufficiently lighted. An instruction on the illumination of the halls and stairways was completely irrelevant. We cannot view instruction No. 11 as being so prejudicial as to require a new trial. Defendant may have had a duty under circumstances other than as recited under instruction No. 11 to have the building hallways and stairways lighted. But there is no issue about a breach of the duty, whatever it was in relation to halls and stairways. Regardless of the circumstances under which adequate lighting must be provided in halls and on stairways, it had no bearing on a fall on the sidewalk outside of the building.
As to instruction No. 15, the evidence was conflicting as to whether there was the required candle power to conform to the ordinance. The ordinance was pertinent and the instruction was not contrary to the statement in No. 11.
III.
It is contended that the giving of instruction No. 12 was erroneous. It reads:
“To look in such a manner as to fail to see what must have been plainly visible is to look without a *18 reasonable degree of care and is of no more effect than if a party does not look at all.”
In arguing that this instruction should not have been given, plaintiff contends that there was no evidence that the mat was visible. We do not so view the record. There was evidence that the light from the vestibule through which plaintiff passed to step down on the walk did — when the door was thrown open — cast light upon the step and walk below. There was also evidence that plaintiff had to walk over this same mat in order to enter the apartment and therefore knew or should have known of its presence.
In addition it is urged that it was error for the court to refuse to give plaintiff’s tendered instructions Nos. 1 and 2. These instructions were plaintiff’s version of how similar instructions which were given by the court should have been worded. The subject matter of the tendered instructions was amply covered by the instructions the court actually gave and were not so different as to compel us to hold that the court’s instructions were erroneous.
The judgment is affirmed.
Mr. Chief Justice Moore, Mr. Justice Pringle and Mr. Justice Hodges concur.