SPILLMAN *v.* WEIMASTER.

1. STATUTES—REPUGNANCY.
   A later statute, covering same ground and repugnant to former statute, supersedes the former.

2. AUTOMOBILES—SPEED—STATUTES—REPEAL.
   Statute limiting speed of vehicles weighing over 8,000 pounds to 20 miles an hour *held*, impliedly repealed by subsequent amendment of another statute limiting speed to 35 miles an hour (1 Comp. Laws 1921, §§ 4700 [b], 4766 [b], as amended by Act No. 253, Pub. Acts 1933).

3. APPEAL AND ERROR—INSTRUCTIONS—AUTOMOBILES—SPEED.
   Instruction which held driver of truck, weighing over 8,000 pounds, guilty of negligence as a matter of law under testimony showing speed of from 25 to 45 miles an hour *held*, reversible error, where controlling statute as to speed of vehicle of such weight permitted speed of 35 miles an hour (1 Comp. Laws 1929, § 4766 [b], as amended by Act No. 253, Pub. Acts 1933).

4. AUTOMOBILES — SLOW-MOVING VEHICLES — INSTRUCTIONS — STATUTES.

In action under survival act arising out of collision between car in which plaintiff's decedent was riding and defendant's truck train, instruction that slow-moving vehicles should drive as closely as possible to right-hand edge or curb when referring to defendant's truck which statute permitted to be driven at speed of 35 miles an hour *held*, inapplicable, since the truck involved could not be designated a slow-moving vehicle under testimony showing it was driven at speed of 25 to 45 miles an hour (Comp. Laws 1929, §§ 4703, 4766 [b], as amended by Act No. 253, Pub. Acts 1933, § 14040).

5. DEATH—BURIAL EXPENSES—SURVIVAL ACT—MEASURE OF DAMAGES.

Burial expenses are not recoverable in action under survival act, the measure of damages being the same that deceased could have recovered if he had lived (3 Comp. Laws 1929, § 14040).

6. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—EVIDENCE — QUESTION FOR JURY.

Issue of contributory negligence in action under survival act arising out of collision between car in which plaintiff's decedent was riding and defendant's truck train *held*, properly submitted to jury under record disclosing contradictory evidence (3 Comp. Laws 1929, § 14040).

Appeal from Kalamazoo; Weimer (George V.), J. Submitted January 14, 1936. (Docket No. 63, Calendar No. 38,563.) Decided March 3, 1936.

Case, under survival act, by Martha Spillman, administratrix of the Estate of William Spillman, deceased, against Earl H. Weimaster, doing business as E. H. Weimaster Truck Company, for personal injuries sustained in an automobile collision causing death of plaintiff's decedent. Verdict and judgment for plaintiff. Defendant appeals. Reversed and new trial ordered.

*John A. Sbarbaro* and *Howard, Howard & Howard,* for plaintiff.

*Mason & Sharpe (Oscar B. Theil,* of counsel), for defendant.

TOY, J. Between the hours of 12 and 1 a. m., on September 2, 1934, an Essex automobile, while being driven by one Louis Horwitz, brother-in-law of plaintiff's decedent, in a northerly direction on the State highway, US–12, near the village of Union Pier, collided with a truck and trailer owned by defendant, which was proceeding in a southerly direction on the highway and was being driven by one Oscar Carlson, defendant's employee. The left front corner of the trailer unit collided with the left front door and window-post of the Essex automobile. The deceased, riding in the rear seat of the Essex, was injured, and as a result died a few hours later. This action was brought under the survival act (3 Comp. Laws 1929, § 14040), so-called, by the administratrix of his estate. Jury trial was had and the jury returned a verdict for plaintiff in the amount of $11,398.20. Motion for new trial was made and denied, whereupon defendant appealed to this court.

Plaintiff based her cause of action on several alleged acts of negligence of defendant's truck driver, among them being excessive speed and driving on the wrong side of the highway. Plaintiff produced testimony tending to sustain both of these allegations. While the testimony produced by plaintiff indicated that the accident was caused by defendant's truck being driven over the center line of the highway, yet the record discloses that at no time did plaintiff abandon her claim that the operation of defendant's truck at an excessive rate of speed was a contributing cause thereto. Witnesses for plaintiff testified that defendant's truck, immediately before

the accident, was being driven between 40 and 45 miles an hour. Defendant and his driver testified that the truck was. equipped with a "governor," which was adjusted to regulate the speed of the truck to "about 32 miles an hour." The driver of the truck testified that as he approached the scene of the accident he was driving between 25 and 30 miles an hour. The driver also testified that the gross weight of the truck and trailer unit that night exceeded 8,000 pounds. In this latter testimony he was not disputed.

In submitting the case to the jury, the trial judge, after instructing them as to the general rule regarding negligence, further charged:

"That general rule I have just stated is supplemented by the imposition of certain specific duties upon motorists. In other words, when we are contemplating the alleged negligence of motorists we have to consider certain specific duties that are imposed upon them in addition to the general rule. Certain specific duties are imposed upon motorists, a failure to observe and perform which constitutes negligence *as a matter of law*. If such negligence produces damage to another, without negligence on the part of the other contributing to the damage, then it becomes negligence for which recovery may be had.

"First, we have the duty to drive on the right side of the highway. The motor vehicle law provides as follows:

" 'Upon all highways of sufficient width, except upon one way streets, the driver of a vehicle shall drive the same upon the right half of the highway and shall drive a slow-moving vehicle as closely as possible to the right-hand edge or curb of such highway.' (1 Comp. Laws 1929, § 4703.)

"We also have the provision relative to speed which is as follows:

. " 'Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is rea-

sonable and proper having due regard to the traffic, the surface and width of the highway, and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead.' (1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933.)

"We have also the following provision relative to speed. I have in mind, gentlemen, that provision relative to speed according to weight, length and tire equipment. You claim that is pertinent?

"*Mr. Howard:* Yes, I think it is.

"*The Court:* (Reading)

" 'Any vehicle with or without a load, or drawing a trailer or semi-trailer, with or without a load, the gross weight of any unit of which exceeds eight thousand pounds, shall not exceed the rate of speed of twenty miles per hour.' "

The defendant claims that the court erred in the foregoing quoted portions of his charge in two particulars:

1. In reading to the jury that portion of the statute (1 Comp. Laws 1929, § 4703) requiring that a driver "shall drive a slow-moving vehicle as closely as possible to the right-hand edge or curb of such highway," and

2. Relative to the speed of a truck and trailer unit according to weight.

We first consider this latter contention. Section 4700 (b), 1 Comp. Laws 1929, and 1 Comp. Laws 1929, § 4766 (b), before amendment of latter, were identical and read as follows:

"Any vehicle with or without a load, or drawing a trailer or semi-trailer, with or without a load, the gross weight of any unit of which exceeds eight thousand pounds shall not exceed the rate of speed of *twenty miles* per hour."

But section 4766 (b) was amended by Act No. 253, Pub. Acts 1933, and now reads as follows:

"Any vehicle with or without a load, or drawing a trailer or semi-trailer, with or without a load, the

gross weight of any unit of which exceeds eight thousand pounds shall not exceed the rate of speed of *thirty-five miles* per hour.''

Before such amendment, the two sections being identical could properly be read and construed together. This was so indicated by Mr. Justice FEAD, in *Bishop* v. *Gaudio,* 263 Mich. 65, 72. But since the amendment to section 4766 (b) this cannot now be done. The language of the two sections is in conflict. They cannot both be the law. One, section 4766 (b), now permits a speed of 35 miles an hour, while the other, section 4700 (b), prohibits a speed in excess of 20 miles an hour. Their terms are, therefore, repugnant, and we can find no reasonable hypothesis whereby effect might be given to both. We are therefore constrained to follow the well-settled rule, that a later statute covering the same ground as a former supersedes the former. *Stewart* v. *Algonac Savings Bank,* 263 Mich. 272; *People* v. *Marxhausen,* 204 Mich. 559 (3 A. L. R. 1505), and cases therein cited.

We hold, therefore, that 1 Comp. Laws 1929, § 4700 (b), was impliedly repealed by Act No. 253, Pub. Acts 1933.

In view of the testimony produced by both parties, which estimated the speed of defendant's truck at not less than 25 miles an hour (as testified by defendant's driver) to not more than 45 miles an hour (as testified by plaintiff's witnesses), the charge of the court, stating that if defendant's truck was driven over 20 miles an hour, defendant was guilty of negligence, amounted, in effect, to an instruction that defendant was guilty of negligence as a matter of law. This is reversible error.

With reference to the charge of the court pertaining to slow-moving vehicles, and the duty of the

drivers of such vehicles to drive "as closely as possible to the right-hand edge or curb of such highway," we are of the opinion that such a charge is not proper, in view of the testimony in this case relative to speed, for under the theory of both parties the truck in the instant case could not be designated a "slow-moving vehicle," and, therefore, that portion of the statute (1 Comp. Laws 1929, § 4703) has no application here.

The trial court, over objection, permitted the plaintiff to submit evidence showing burial expenses of the deceased as an element of damages. The jury was instructed that if the plaintiff was entitled to recover, she should recover "for burial expenses." This action was brought under the survival act. Burial expenses are not recoverable in such an action.

The rule was stated in *Kyes* v. *Valley Telephone Co.*, 132 Mich. 281 (13 Am. Neg. Rep. 340):

"When an action survives, the representatives of the deceased are entitled to recover the same measure of damages that he could have recovered if he had lived to bring his suit to a successful issue."

This rule was approved in *Hunter* v. *Village of Ithaca*, 135 Mich. 281, and *Olivier* v. *Railway Co.*, 138 Mich. 242.

Defendant contends that the trial court should have granted his motion for a directed verdict, which was based upon his claim that plaintiff's decedent's driver was guilty of contributory negligence. The record discloses contradictory evidence relative thereto, which raises an issue of fact. Therefore, the court quite properly submitted such contradictory facts to the jury. *Harding* v. *Blankenship*, 274 Mich. 118; *Flynn* v. *Kramer*, 271 Mich.

500; *Degens* v. *Langridge,* 214 Mich. 573, and cases cited therein.

It is not necessary to discuss the other assignments of error.

For the reasons stated, the judgment is reversed, and a new trial ordered, with costs to defendant.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and POTTER, JJ., concurred.