## No. 14,640.

### DILLON *v.* STERLING RENDERING WORKS, INC., ET AL.

(106 P. [2d] 358)

Decided September 16, 1940.   Rehearing denied October 14, 1940.

Messrs. SAUTER & SANDHOUSE, Mr. GEORGE E. McCONLEY, JR., for plaintiff in error.

Messrs. BLOUNT, JANUARY & YEGGE, for defendants in error.

*En Banc.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

THIS action was instituted by plaintiff in error, plaintiff below, under the provisions of sections two and three, chapter 50, '35 C.S.A., for damages resulting from the death of her husband, occasioned, as it is alleged, by the negligent operation of a motor truck by Large, an agent of defendant in error Sterling Rendering Works, Inc. At the conclusion of the evidence both parties moved for a directed verdict, the jury was discharged, and, upon due consideration, judgment was entered in favor of defendants. Each of the parties assigns error based upon the rulings of the trial court.

The trial court made specific findings of fact, from which it appears that the accident here involved occurred February 21, 1938, at 7 o'clock a.m., about three and a half miles northeast of Sterling, Colorado, on paved highway No. 128; that Joseph P. Dillon, husband of plaintiff, seventy-two years of age, in perfect health, was on his way alone from his home in Sterling to his ranches northeast of that city, driving a four-door La

Salle sedan; that the atmospheric conditions were such that the windshield was entirely frosted; he stopped his car and alighted to remove the accumulated frost, while the car rested partially on the paved highway; that the rear end was three feet four and one-half inches on the pavement and about two feet on the graveled shoulder, the car being without lights. Defendant Large, employee of defendant company, at approximately the same time, was driving a truck—which was seven feet four inches wide—on the same highway, traveling in the same direction as the Dillon vehicle, at a speed of approximately fifteen to twenty miles per hour; that the windshield of the truck became frosted over, and visibility therethrough completely obstructed save for a narrow two-inch up-and-down strip on the left side thereof, sufficient to enable him to see the black stripe down the center of the pavement as he drove along, to which he constantly directed his attention. Under these conditions and circumstances the truck sideswiped Dillion's car on its left side, broke the tail light, damaged the left rear fender and badly damaged the upholstery on the inside of the left front door, the car being propelled by the impact fifty to one hundred feet, where it came to a stop. Large then climbed out of the truck cab, up to that time not knowing what or whom he had struck. Never up to that time had he seen, or attempted to see, if anyone or any object was on the highway ahead of him. The collision resulted in Dillon's death shortly thereafter, on the same day. Additional facts will be detailed as we proceed.

One of the cross errors assigned by defendants is that the trial court erroneously found that Large was negligent, when it should have found, as a matter of law, that he was not. A sufficient disposition of this contention is a quotation from the trial court's findings, which we believe to be fully justified and correct. It is as follows: "That Ray Large could leave his truck out all night in the weather the 21st of February, start out

with it with its windshield in a semi-obstructed condition and at 7 o'clock in the morning, drive 3½ miles in a dense fog with a freezing temperature, mingled with sleet; permit his windshield to be completely obstructed so far as any visibility therethrough was concerned, with only a two-inch up and down strip on the left end thereof, and concentrate his view upon the black stripe down the center of the highway, stopping for his own safety at a railroad crossing and continuing thereafter around a curve, such as described in this case, under the conditions atmospheric and otherwise, as then existing, and all of the time concentrating his attention upon the black stripe without making the slightest effort to observe whether on his portion of the highway there might be some other obstruction, and be oblivious to his surroundings otherwise, and kill a human being, and come forward with a claim that he was not guilty of negligence himself, simply because he kept his truck as near as possible on the black stripe on the pavement center, is too much for any court to recognize as freedom from negligence. I am convinced that Ray Large was guilty of gross negligence up to and at the time of the impact in this lamentable tragedy."

■ One of plaintiff's contentions is that the court erred in finding that deceased was contributorily negligent, in that such finding is not supported by the evidence. We quote the pertinent part of this finding, as follows: "Unfortunately, *as a matter of law,* due largely to his own fault, of necessity I am constrained to find and do find that he was contributorily negligent, and but for which the accident, even gross as Ray Large's conduct may have been, would never have occurred." It will be noted that this finding is made "as a·matter of law," and not as a matter of fact. Under the presented facts more than one inference can be drawn from the evidence, as to whether there was contributory negligence. The behavior of Dillon under the circumstances requires careful scrutiny, as a matter of fact, and not of

law. No persons, including Large who did not even know what he had struck, could testify to the personal actions of Dillon. How long he had been standing in the position he occupied when struck, and other circumstances which may justify his action, remains in the field of conjecture. Time and circumstances largely influence the application of legal rules affecting human conduct. We think the circumstances before us required that the trial court should have determined as a matter of fact whether deceased was contributorily negligent.

■ Counsel for plaintiff further contend that assuming, but not conceding, that Dillon was negligent, that this was not the proximate cause of the injury, and that the court made no finding of proximate cause. Whether negligence on the part of Dillon, proximately causing the accident, may here be deduced from the position of his auto on the paved highway, or lack of lights, must be determined from the unusual circumstances surrounding this accident. Acts otherwise than as the statute prescribes do not bar recovery, if necessary in an emergency, under all the circumstances, in an attempt to avoid an accident. 45 C.J., p. 971, § 525; *Boyd v. Close,* 82 Colo. 150, 257 Pac. 1079. Whether the position of Dillon's auto partially on the paved highway, or lack of lights, was a proximate cause of the injury, or whether defendant's gross negligence was the proximate cause, we must leave to the trier of the facts. *Colorado Springs v. Merrill,* 27 Colo. App. 382, 149 Pac. 843; *Nichols v. C. B. & Q. R. R. Co.,* 44 Colo. 501, 98 Pac. 808; 45 C.J., p. 971, § 524. The problem is not without its difficulties. We cannot say, as a matter of law, that Dillon's negligence was or was not the proximate cause. We think the solution of these questions requires a new trial.

■ The contention of counsel for plaintiff that Dillon's automobile, under the circumstances, was disabled, within the meaning of section 228b, chapter 16, '35 C.S.A., is without merit.

Defendant in his cross errors raises the question of the measure of damages. No judgment for damages is now before us, and that question, therefore, is not properly within the scope of this review. We point out, however, that if it should become necessary for the trial court to determine the issue, the law is settled by our holdings in *Denver & R.G.R.R. Co. v. Spencer,* 25 Colo. 9, 14, 52 Pac. 211; *Denver & R.G.R.R. Co. v. Frederic,* 57 Colo. 90, 96, 140 Pac. 463.

Another cross error of defendants relates to a finding that plaintiff, under the second cause of action, could recover $500 for funeral expenses, in addition to the maximum award of $5,000, which is the limit of recovery under section 3, chapter 50, supra. In *Denver & R.G.R.R. Co. v. Spencer, supra,* we held that in no case, under the statute, can awarded damages exceed the sum of $5,000. We here are concerned with the word "damages," not "compensation." In *Tadlock v. Lloyd,* 65 Colo. 40, 173 Pac. 200, we held that funeral expenses in an action for wrongful death are a proper element of damages. The evidence in the instant case shows a liability of plaintiff for the funeral expenses of deceased. They are proper damages only within the $5,000 limit. The second cause of action, which seeks to recover this expense, is predicated upon section 2, chapter 50, supra. The demurrer thereto should have been sustained. Counsel for plaintiff refer to a right to recover funeral expenses independent of the statute. No authorities are cited in support thereof. Since the second cause of action was predicated upon the statute, it is not necesary to now determine whether an independent right to recover funeral expenses, under the circumstances here, exists.

The judgment is reversed and the case remanded, with directions to grant a new trial.

Mr. Justice Young not participating.