## No. 17,368.

### KLING *v.* PHAYER, ADMINISTRATRIX.
(274 P. [2d] 97)

Decided September 7, 1954.

Mr. H. BERMAN, for plaintiff in error.

Mr. JOSEPH P. CONSTANTINE, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

As the result of a trial to the court without a jury, on a complaint filed by defendant in error as administratrix of the estate of Winifred A. Phayer, for damages caused to the automobile of deceased arising out of a collision caused by the alleged negligence of plaintiff in error Doris Marie Kling in the operation of the automobile she was driving, plaintiff administratrix obtained a judgment for $820.32, being the amount of damage to the

automobile in the sum of $112.50, and funeral expenses of deceased Phayer, whose death was a result of the accident, in the sum of $707.82, in her favor against Doris Marie Kling, defendant, plaintiff in error here. As a result of the injuries received, Winifred A. Thayer died June 19, 1951. The Employers Mutual Casualty Company, a corporation, was joined as party defendant in the complaint.

The negligence of Doris Marie Kling was clearly established. Defendants seemed to make little effort to contest the liability, apparently relying upon the position taken in the trial court and here, that the complaint failed to state a ground upon which relief could be obtained, in that an administrator cannot maintain an action for the recovery of funeral expenses for deceased.

Counsel for defendant Kling, now plaintiff in error, contends that the only remedy for recovery of the funeral expenses would be under the wrongful-death statute, which cannot be invoked in the instant proceeding because deceased was not survived by a husband or children, nor a father or mother, to which the statute limits such an action. Counsel for defendant in error contends that under our survival statute, being chapter 176, section 247 '35 C.S.A., she has a right to maintain the action. This statute is as follows: "All actions in law whatsoever, save and except actions on the case for slander or libel, or trespass for injuries done to the person, and actions brought for the recovery of real estate, shall survive to and against executors, administrators and conservators."

This exact question is now presented to our Court for the first time; however, we believe that the case of *Fish v. Liley,* reported in 120 Colo. 156, 208 P. (2d) 930, in which we construed the above statute, is controlling. Our Court, in the case of *Tadlock v. Lloyd,* 65 Colo. 40, 173 Pac. 200, stated: "Whether funeral expenses may properly be considered in actions for death by wrongful act has never been determined in this state. Upon the

great weight of authority, however, under statutes like ours, permitting recovery of damages in such cases, funeral expenses are a proper element of damage, especially where, as in this case, the plaintiff, the father, was bound in law to assume and pay them." The subject of damages resulting from a wrongful-death accident was again discussed in *Dillon v. Sterling Rendering Works,* 106 Colo. 407, 106 P. (2d) 358, and finally determined in *McEntyre v. Jones,* 128 Colo. 461, 263 P. (2d) 313.

The present action is for recovery, independent of the wrongful-death statute. The contention of counsel for defendant in error, which we believe and find to be correct, is that the administratrix here is not seeking to recover for injuries to the person, as provided in the statute, but is trying to recover for damages to decedent's property, that is, a diminution of decedent's estate which would result from the payment of the funeral bill. There is no contention, as there cannot properly be, that the funeral bill is chargeable to, and payable out of, the estate as a claim provided by our statute, and the administratrix is thereby charged with the duty of paying the bill from the assets of the estate. There is a division of authority in regard to the right to recover funeral expenses in an action for wrongful death. In some jurisdictions burial expenses are recoverable in actions for the benefit of the estate, especially where, by statute, such expenses are made a debt of the decedent's estate. Our Court has considered funeral expense to be an item of recovery under the wrongful-death statute, but in no event can recovery exceed the amount provided by statute.

In *Fish v. Liley, supra,* an action against an administratrix, we said, speaking through Mr. Justice Moore, in construing the survival statute:

" 'All actions in law whatsoever' shall survive except those specifically mentioned in the exceptions contained in the statute. Plaintiff's action is not one for injuries to the person, and accordingly survives the death of

Drennan and can be maintained against his legal representatives.

"The decided cases from other jurisdictions bearing upon the question under discussion are in irreconcilable conflict. Whether the views hereinabove expressed follow the majority or minority of the decided cases is debatable when variations in the statutory provisions are considered. We agree with the reasoning expressed in 48 Harvard Law Review at page 1012 where we find the following pertinent language: 'Since the medieval notion that tort actions are punitive has long been abandoned, the wrongdoer's death should not end liability, and his distributees should be made to satisfy claims against him. And since, conversely, compensation is the purpose of modern tort recovery, it should accrue not only to a living person but also to his estate. On this analysis, the coincidence of the deaths of both parties is immaterial.' "

Finally, the instant case is an action in law as provided in section 247, chapter 176, '35 C.S.A., supra, and is not one of the exceptions, namely, an action for slander or libel, or trespass for injuries done to the person, nor for the recovery of real estate, and therefore it survives to the administratrix.

The judgment of the trial court was correct, and accordingly is affirmed.