## No. 19,091.

EDUARDO M. ESPINOZA, ET AL, *v.* MANUEL L. GURULE.
(356 P. [2d] 891)

Decided November 7, 1960.

Mr. ANGELO F. MOSCO, for plaintiffs in error.

Mr. CARMEL A. GARLUTZO, for defendant in error.

*En Banc.*

PER CURIAM.

WE will refer to the parties as they appeared in the

trial court where plaintiffs in error were plaintiffs and defendant in error was defendant.

In a second amended complaint plaintiffs alleged that they were the parents of Florencio Luis Espinoza, who was born in October, 1937; that in August, 1954, in Las Animas County, the defendant wrongfully fired upon and killed the plaintiffs' son with a firearm; and that by reason thereof, the plaintiffs incurred and became liable for funeral expenses in the sum of $501.05, for which they demanded judgment against defendant, with interest and costs. The action in the trial court was originally commenced July 10, 1957, and the second amended complaint was filed therein June 5, 1958.

The defendant filed a motion to dismiss the complaint on the ground that plaintiffs' alleged claim was barred by limitation because it was founded upon the wrongful death statute, C.R.S. '53, 41-1-4, which provides that actions shall be brought within two years of the alleged wrongful act resulting in death.

The trial court sustained the motion; plaintiffs elected to stand upon their complaint and judgment of dismissal was entered accordingly. Plaintiffs claim prejudicial error and are here seeking reversal of the judgment.

■ There is no doubt that funeral expenses are recoverable as damages in actions brought under the wrongful death statute. *Dillon v. Sterling Works,* 106 Colo. 407, 106 P. (2d) 358, citing *Tadlock v. Lloyd,* 65 Colo. 40, 173 Pac. 200. However, it cannot be said that every action for the recovery of such expenses must be maintained under the statute. The remedy there provided is not necessarily exclusive. Recovery of funeral expenses by the deceased's personal representative in an independent action was approved in *Kling v. Phayer,* 130 Colo. 158, 274 P. (2d) 97, on the theory that the action was not to recover for injuries to the person but for damages to the decedent's property, that is, "a diminution of decedent's estate which would result

from the payment of the funeral bill." The decision in that case was subsequently followed in *Rigot v. Conda,* 134 Colo. 375, 304 P. (2d) 629, and later in *Publix Cab Co. v. Colorado National Bank of Denver,* 139 Colo. 205, 338 P. (2d) 702, wherein we viewed such claim as one of property arising after the death. It was there stated: "We do not believe there is any merit in the contention that this claim must be asserted in the wrongful death action if such an action is filed or if such a claim is made and it is settled. There is not present any principle of irrevocable election which prevents the assertion of this demand in a separate action."

We are now asked to rule that funeral expenses may be recovered by the parents of a deceased child in an action independent of the wrongful death statute. We have no reluctance to do so in a case of this character where an alleged financial loss results to parents from negligence on the part of another. Under the laws of this state "the expenses of the family * * * are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately." C.R.S. '53, Section 43-1-10. Funeral expenses come within the purview of identical or similar statutes of other states, *Hansen v. Hayes,* 154 P. (2d) 202 (Ore.), citing Illinois cases.

■ The situation here is that if the plaintiffs became obligated, as they claim, for the funeral expenses of their son under the family expense statute, *such liability was imposed upon them* by the alleged wrongful conduct of the defendant and if proved would constitute direct damage to the plaintiffs for which they would be entitled to recover in an action at law. See *Philby v. Northern P. R. Co.,* 46 Wash. 173, 89 Pac. 468; *Hansen v. Hayes,* supra.

(2) Plaintiffs filed their action under the Death Act and by amendment of their complaint abandoned that remedy, alleging only a claim for funeral expenses in-

dependent of statute. The trial court ruled that the amendment amounted to a complete departure.

■ Such departure under our present rules does not entail the serious consequences prevailing under the former Code of Civil Procedure. The principal consideration under present practice is whether the amended pleading will permit an expeditious disposition to be made of the case. The claim for funeral expenses, it is alleged, arose out of and was connected with the same occurrence pleaded in the original complaint, and it is urged that the amended pleading does not relate back so as to extend the two-year statute of limitations relating to the Death Act to the amended claim. We discover no merit in this contention.

We conclude that plaintiffs' amended complaint stated a claim which, if proved, would entitle them to relief, and it was error to dismiss the action.

The judgment is reversed and the cause remanded with directions to reinstate the amended complaint and to enter a rule upon defendant to answer or otherwise plead thereto.

MR. JUSTICE KNAUSS dissents and MR. JUSTICE HALL not participating.