PER CURIAM.
Agnes Leonardi and husband Sam Leonardi appeal a final judgment entered on jury verdict for the defendant Walgreen Company. The plaintiffs alleged that the defendant was negligent in causing and permitting mineral oil to remain on the floor of its store, that the floor was slippery and that the plaintiff wife was not warned of the danger that caused her to fall and suffer temporary and permanent injuries.
Plaintiff Agnes Leonardi testified that she was walking down the aisle of defendant’s store in a normal manner, turned a corner and almost immediately slipped and fell on mineral oil on the floor. Defendant’s manager testified that a bottle of mineral oil had been broken on the floor about one minute or less before the plaintiff’s fall. He immediately sent an assisl^nt to get a mop to clean the floor and in the meantime he, the manager, placed a carton over the oil and stood at the area to warn customers to walk around it. He testified that he saw the plaintiff approaching the area when she was about four feet away and warned her verbally three times to avoid the oil. The third time he put up his hand to emphasize the warning. He stated that “she was just looking straight forward at me and kept coming at me * * * ”, and that she then walked right into the oil and fell. The manager attempted to catch her but he also fell.
The case was tried on the issues of negligence and contributory negligence. The jury returned a verdict for the defendant. The plaintiff did not move for a new trial and may not challenge the weight and sufficiency of the evidence. 2 Fla.Jur., Appeal, § 71 and cases there cited.
It is argued on appeal that the trial court erred in refusing to grant plaintiffs’ requested instructions numbers 8, 9, and 10 pertaining to contributory negligence and further erred in the instruction actually given on contributory negligence. We have reviewed the instruction given and the re *774 quested instructions and find no error on the part of the trial court. An appellate court will not reverse on the ground that a particular charge is limited if the charges are not misleading but are, in the aggregate, complete and correct. Solomon v. State, Fla.App.1962, 145 So.2d 492; Stiles v. Calvetto, Fla.App. 1962, 137 So.2d 17.
Affirmed.
KANNER, Acting C. J., and WHITE and SMITH, JJ., concur.