153 So.2d 18 (1963)
Joe WILLIAMS and Katie Williams, his wife, Appellants,
v.
Claire SCOTT, a minor, and Clarence S. Scott and Nelle J. Scott, his wife, Appellees.
No. 3663.
District Court of Appeal of Florida. Second District.
April 26, 1963.
Rehearing Denied May 24, 1963.
Edward J. Hunter, Tampa, for appellants.
Vernon W. Evans, Jr., of Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for appellees.
WHITE, Judge.
This is an appeal by plaintiffs below from a final judgment entered on a jury verdict for the defendants in a personal injury suit.
*19 The plaintiffs, husband and wife, sued the minor defendant Claire Scott and her parents for damages allegedly resulting from injuries sustained by plaintiff Katie Williams at a Tampa street intersection when she was struck by an automobile operated by said minor. The intersection was serviced by overhead traffic control lights. The plaintiff's husband sought derivative damages, and the parents of the minor defendant were named parties defendant by reason of their ownership of the automobile and their endorsement of their minor daughter's application for a restricted operator's permit. There were the usual allegations of negligence and contributory negligence.
Plaintiff Katie Williams was struck as she was attempting to walk south across the far side of the intersection in relation to defendants' automobile proceeding west. There was testimony indicating that the defendants' automobile had slowed to 20-25 miles per hour as it neared and reached the intersection. Although there was some conflict on the point, there was testimony tending to show that the defendant driver was favored by a green light when she entered the intersection. After passing one-half to three-quarters through the intersection she heard a scream, looked to her right and observed the plaintiff for the first time near the right front wheel of the automobile. She applied her brakes but could not avoid contact.
The plaintiff, a 55-year old Negro woman, sustained painful and partially disabling injuries and was taken to a hospital where she was interviewed by an investigating officer. Plaintiff first contends that it was reversible error to permit the investigating officer to testify as to statements or conclusions drawn from statements then made by the plaintiff; that the plaintiff was not in a conscious condition and, moreover, the testimony should have been excluded under Fla. Stat. § 317.17 F.S.A.[1] The testimony of the officer was as follows: "* * * I definitely recall the impression that she did not know what color the light was." This was received in evidence on the theory that only those statements made to investigators by drivers are in the nature of accident reports privileged under the immunity provision of § 317.17 F.S.A. supra. We can not follow this interpretation.
It is true that §§ 317.12-317.15 F.S.A. do not specifically require an involved pedestrian to make an accident report; but if he does in fact make a "report" to an inquiring official investigator, we think his statements come within the protective cloak of § 317.17 F.S.A. The latter section, as previously noted, provides that "[a]ll accident reports made by persons involved in accidents shall be without prejudice to the individual so reporting * * *." (emphasis added) This language does not restrict immunity to those who are required to report, and we are unable to read such restriction into the section by reference to other sections.
It is settled that the rights and responsibilities of motorists and pedestrians are reciprocal. See e.g. Green v. Loudermilk, Fla.App. 1962, 146 So.2d 601; King *20 v. Griner, Fla. 1952, 60 So.2d 177. Since both are held to the same standard of ordinary care, presumptively they are entitled to reciprocal rights and immunities as litigants. The admission of the pedestrian's report in such a case while excluding the driver's report would do violence to this concept as well as to the plain language of § 317.17 supra.
The admission of the "report" being legally improper, it devolves upon us to decide whether such admission constitutes reversible error. In the light of all the evidence we think it was not reversible error. The plaintiffs' testimony raised at most an extremely tenuous inference of causative negligence on the part of the defendant driver. Katie Williams' own testimony was contradictory as to whether she proceeded with or against the traffic signals, suggesting negligence on her own part as well as negligence on the part of the defendant driver. It is significant that Katie Williams' testimony was the only direct testimony in behalf of the plaintiffs on this crucial point, for it was not until after the impact that plaintiffs' witness Ralph Giddens observed a red signal against the defendant's line of traffic. In this situation we do not think the officer's testimony was fatally prejudicial. See Fla. Stat. § 54.23 F.S.A.[2] Cf. Sea Crest Corp. v. Burley, Fla. 1949, 38 So.2d 434.
The Sea Crest Corp. case involved an action for injuries by a guest while riding with defendant's agent. Testimony of a police officer relative to statements made by the agent at the police station a few minutes after the accident was held not harmful error where such statements were established by other witnesses and were cumulative. In the instant case the defendant driver testified that she looked at the light as she approached the intersection and again as she passed under it, and at all times the light was green. Plaintiffs' witness Ralph Giddens, an employee in a nearby filling station, testified that he heard brakes squeal, heard a bump and saw the defendant's vehicle come to a stop, and then he looked at the light and saw it was red for traffic traveling the route used by defendant. This is neither contradictory nor incompatible with the other testimony. This witness also testified that the light was a short light in that it turned "pretty quick." He did not observe the accident and, as previously noted, did not observe the light until after the accident occurred.
We come now to consider whether it was error to refuse to give plaintiffs' requested instruction number three.[3] This instruction was correctly refused. It was obviously too broad and would tend to impose absolute liability upon any driver colliding with a pedestrian at an intersection, whereas the rights of pedestrian and motorist are reciprocal. Green v. Loudermilk, supra; Edwards v. Donaldson, Fla. App. 1958, 103 So.2d 256, 259; 3 Fla.Jur., Automobiles, § 110. We note here that the jury was properly instructed as to the reciprocal rights of the parties.
*21 Plaintiffs next assert that the trial court erred in refusing to give requested instructions numbers 7, 9 and 24 pertaining to the so-called "range of vision" rule. Plaintiffs assert that the driver's vision was obscured by the sun and she failed to use her visor or sunglasses, knowing that she had to look into the sun to observe the traffic light. Under such circumstances plaintiffs contend that the range of vision instructions were necessary and proper. Plaintiffs cite 3 Fla.Jur., Automobiles, § 110.
Defendants contend that the instructions were properly denied in that they would mislead the jury by suggesting the existence of a state of facts for which there was no evidentiary basis. We agree. "Charges must square with the rule of law arising from the facts developed at the trial of the case. Derived from any other source they are as apt to mislead as they are to lead the jury aright." Green v. Atlantic Co., Fla. 1952, 61 So.2d 185, 187.
The record fails to provide a basis for giving the subject instructions. Although the defendant driver admitted that she was headed west just before six o'clock and that the sun was bright as it was setting, she testified that the sun did not interfere with her vision; that she saw the light was green as she looked up; and that she had already come through the intersection where the sun was blocked by trees at the time of impact. Cases cited by plaintiff are factually distinguishable. See Mathers v. Botsford, 1923, 86 Fla. 40, 97 So. 282, 32 A.L.R. 881; Brandt v. Dodd, 1942, 150 Fla. 635, 8 So.2d 471. Both of these cases involved collisions at night when the driver's vision was demonstrably impaired by bright lights displayed by oncoming vehicles, while in the instant case there was no affirmative evidence of any impairment of vision before or at the time of impact.
We have examined the charges given and conclude that, as a whole, the law was fairly and correctly presented to the jury. An appellate court ordinarily will not reverse for denying certain instructions if the aggregate charges given are complete, correct and not likely to confuse or mislead the jury. Cf. Leonardi v. Walgreen Co., Fla.App. 1962, 146 So.2d 773; Stiles v. Calvetto, Fla.App. 1962, 137 So.2d 17. See also 3 Am.Jur., Appeal and Error, §§ 1096, 1097.
In plaintiffs' view of the evidence it is understandable that they should be offended by the jury's verdict. As we see it, however, a valid verdict could have been returned either way  for or against the plaintiffs. The jury acted within its province on conflicting testimony and evidentiary inferences, and we can not disturb its findings unless the trial proceedings reveal judicial error so prejudicial to a fair trial as to justify reversal. There appearing no such error, the verdict and judgment must remain undisturbed.
Affirmed.
KANNER, Acting C.J., and ALLEN, J., concur.
NOTES
[1] "Accident reports confidential. All accident reports made by persons involved in accidents shall be without prejudice to the individual so reporting and shall be for the confidential use of the department or other state agencies having use of the records for accident prevention purposes, except that the department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident. No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident, except that the department shall furnish upon demand of any person who has, or claims to have, made such a report or, upon demand of any court, a certificate showing that a specified accident report has or has not been made to the department solely to prove a compliance or a failure to comply with the requirements that such a report be made to the department."
[2] "Harmless error; effect. No judgment shall be set aside or reversed, or new trial granted by any court of the State of Florida in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed."
[3] "I also instruct you that the duty of a motor vehicle driver on approaching an intersection is to keep a vigilant lookout for pedestrians between curbs on the traveled portion of the highway, and when pedestrians are negotiating the crossing, or about to step from the side into traffic lanes, to operate his car at such speed and under such control that he can readily turn one way or the other, and if necessary bring his machine to a stop in time to avoid injury to pedestrians." (Emphasis ours)