WHITE, Judge.
The appellant administratrix, who was ■plaintiff in the trial court, is aggrieved by a ■summary final judgment entered on motion ■of the defendant in an action under the survival statute Fla.Stat. § 45.11, F.S.A. The case is one of two causes of action for damages which arose when plaintiff’s decedent, a pedestrian, was struck and fatally injured by an automobile belonging' to the defendant. We are not confronted here with the separate action for damages under Fla.Stat. Chapter 768, F.S.A. pertaining to death by wrongful act.
In the case at hand the plaintiff adminis-tratrix, asserting that the injury and death of her decedent was the proximate result of negligence chargeable to the defendant, sought damages mainly for the decedent’s burial expenses and for his pain and suffering which allegedly intervened the time he was struck and the time of his death. The defendant admitted negligence but denied any and all consequences claimed to have been the proximate result of the negligence alleged.
The defendant moved for summary judgment determining plaintiff’s right to nominal damages only. The motion was based on the complaint and answer and exhibits which included certified excerpts from depositions of witnesses taken in the “companion” wrongful death case. Several of the witnesses so deposed were the persons who, according to answers to interrogatories propounded to the plaintiff administratrix, were either eyewitnesses to the tragedy or otherwise had knowledge of facts upon which the plaintiff predicated her charge of negligence. From all this material the defendant contended that it was clearly evident that the decedent’s loss of consciousness and loss of life itself were so immediately coincident with the infliction of his injury that plaintiff obviously could not establish that the decedent suffered pain prior to his demise.
The trial court entered final judgment on defendant’s motion finding and adjudging (1) that plaintiff’s case could be considered only as a cause of action under the survival statute; (2) that there was no genuine issue of any material fact regarding damages for conscious pain and suffering of the decedent and that the defendant was entitled to judgment as a matter of law as to that claim for damages; (3) that the only damages recoverable in the particular case were damages which plaintiff’s decedent could have recovered in an action brought by him had *406 he lived; that his funeral and burial expenses would not be recoverable and that the defendant was entitled to judgment as a matter of law with respect to that claim; (4) that the $25.00 value of decedent’s destroyed pocket watch and a $15.00 charge for ambulance service, for which the decedent could have been compensated had he lived, were recoverable items.
We agree with the trial court’s first finding that this case is strictly within the survival statute Fla.Stat § 45.11, F.S.A. Before taking up the second and prime question of whether there emerged from the summary proceedings any genuine issue of material fact as to conscious pain and suffering of the decedent, we shall first consider the third and only other question of consequence, namely, whether or not the decedent’s funeral and burial expenses are recoverable in this survival action by the administratrix of his estate.
The administratrix urges that since the burial expenses are not recoverable in the wrongful death action, they should be recoverable in the survival action. This specific question does not appear to have been pointedly raised and determined in any official published decision in this state, but we think the answer has been clearly indicated by the Supreme Court of Florida. In distinguishing the two causes of action which may accrue where a person is negligently injured by another and then dies, the Supreme Court said in Epps v. Railway Express Agency, Fla.1949, 40 So.2d 131:
“The effect of the ruling in Ake v. Birnbaum [25 So.2d 213] is to recognize that where a person dies as a result of the negligent act of another, two separate, distinct and independent rights have been violated. One is the common law right of the injured person to be secure in his person and property — a right which has been invaded by compelling such person to endure pain and suffering and to submit to loss of earnings and other pecuniary losses. The other is the right which the family of the deceased had to the companionship, services and support of the decedent, coupled with the expectancy of a participation in the estate which the decedent might have accumulated had his life not been brought to an untimely end by the infliction of the injury.
“The first right is one which might have been sued on by the injured person in his lifetime and which survives to the personal representative where the injured person has not pursued his right of action to final judgment prior to his-death, irrespective of whether death is due to the injuries inflicted or arises, from independent causes.
‡ ‡ ‡ “Under the first right the recovery is-for the damages suffered by the injured' person by reason of the injuries inflicted' upon him. Under the second right the-recovery is for the damages suffered' by the widow or other statutory beneficiary for the damages suffered by her or them as the result of the death of the decedent caused by the negligent act of the wrongdoer.” (emphasis added)
In Radobersky v. Imperial Volunteer Fire Department, 368 Pa. 235, 81 A.2d 865, the-trial court misconceived the theory of the survival action there involved by referring" to a special provision of the Pennsylvania wrongful death act in instructing the jury on funeral expenses. The appellate court reversed judgment for the plaintiff and’ made the following observations:
“The inapplicability of this statutory [death statute] provision is apparent. The suit is not ‘an action to recover damages for a death’. It was instituted by the husband-plaintiff in his lifetime-to recover damages for injuries to himself and, when he died, the suit was carried on by his personal representative to recover what the decedent himself could have recovered had he lived. Obviously, the expenses for his own funeral do not fall into the category of *407 the damages allowable to him personally. The instruction was therefore error.”
In this connection American Law Institute-Restatement of Torts, Sec. 925, Comment i, said in part:
“* * * a judgment under a survival statute has no effect upon the damages given under a death statute, since the damages in the one case are hosed upon events preceding death, while the damages under the other statute are based upon harm caused by the death.” (emphasis added)
Spillman v. Weimaster, 275 Mich. 93, 265 N.W. 787, is another decision which notes the limitations on damages recoverable in a survival action. Suit was brought by the administratrix under the Michigan survival act In reversing for a new trial the appellate court said:
“The trial court, over objection, permitted the plaintiff to submit evidence showing burial expenses of the deceased as an element of damages. The jury was instructed that if the plaintiff was entitled to recover, she should recover ‘for burial expenses.’ This action was brought under the Survival Act. Burial expenses are not recoverable in such an action.
“The rule was stated in Kyes v. Valley Telephone Co., 132 Mich. 281, 93 N.W. 623, 624: When an action survives, the representatives of the deceased are entitled to recover the same measure of damages that he could have recovered if he had lived to bring his suit to a successful issue.’ ” (emphasis added)
We come finally to the second and prime question of whether or not the summary proceedings divulged any genuine issue as to pain and suffering. In order to recover damages for pain and suffering in cases such as this it must be made to appear not only that the victim survived but also that he was “conscious” of pain for some period of time. Dobbs v. Griffith, Fla.1954, 70 So.2d 317; Morrison v. C. J. Jones Lumber Company, Fla.App.1961, 126 So.2d 895, 898. The plaintiff asserts the continued prevalence of a genuine issue as to whether or not her decedent “survived” the impact and that therefore summary determination of the case was error. We do not agree.
The deposition of John W. Chennault, M.D. attests that the decedent was dead on arrival at the hospital. The doctor noted that the decedent had a fractured right leg and that he was bleeding from both ears with a possible basalar skull fracture.
The deposition of witness Dan T. Upte-graff states that he was on the scene within a minute and saw no indication that the pedestrian was conscious. The deposition of witness Anna Mae Talley states that she saw the pedestrian as he was struck and that his body was propelled into the air. She saw him crumpled in the road, and she left and called the police.
Lonnie Toole’s deposition reveals:
“Q. Did you take a look at the body after the accident?
“A. I didn’t go right up there. I was standing on the street and saw it.
“Q. You couldn’t tell whether the man was living or dead?
“A. He was dead.
“Q. How did you determine that?
“A. Because his brains was there on the street and eyeballs popped and legs broke, and he wasn’t breathing so he had to be dead.
“Q. You say his head was open?
“A. Yes, sir.”
One Grady Palmer stated on deposition that he was driving his car when he heard the defendant’s brakes squeak. The witness looked itp and he saw the decedent fall off *408 the defendant’s car. The deponent further stated:
“A. * * * He was dead when I got to him.
“Q. Did you go over there to the scene of the accident?
“A. Yes, I helped pick him up.
* * * * * *
“Q. At the time you picked him up could you tell whether he was breathing?
“A. He was dead then.
“Q. How could you tell ?
“A. He wasn’t breathing.”
Jim Dean, Jr., driver of the defendant’s vehicle, deposed the only statement that could be construed as even slightly divergent from the above descriptions of the decedent immediately after the impact. The pertinent portion of the deposition of this witness is as follows:
“Q. When you got out of the automobile, did you look at this colored man?
“A. Yes, sir.
“Q. Could you tell whether he was alive or dead at that time ?
“A. No, sir, I couldn’t.
“Q. Did you see any indication that he might be breathing or in motion ?
“A. They say he died on the way to the hospital.
“Q. Did you yourself notice anything? Did he seem to be alive to you ?
“A. Looked like he was breathing a little to me.
“Q. Seemed to be having trouble breathing?
“A. I don’t know.”
The most that could gleaned from the tenuous statement of this deposition was that the deponent simply did not know whether the victim survived the impact. Thus this deposition is not in fact repugnant to the other exhibits. Considering all the-exhibits in the light most favorable to the party moved against, we cannot perceive that the summary proceedings projected any genuine issue of material fact as to conscious pain and suffering — or even that the victim in any way survived the impact. We are not unmindful of the limitations of the summary judgment procedure when we conclude and hold, as we now do, that the trial court correctly determined the merits of the-cause.
Affirmed.
SHANNON, Acting C. J., and WILLIAMS, O. EDGAR, JR., Associate Judge,, concur.