190 So.2d 313 (1965)
SINCLAIR REFINING CO., a Corporation, Petitioner,
v.
Margaret Scott BUTLER, As Administratrix of the Estate of Warren E. Butler, Deceased, and J.P. Canington, Respondents.
No. 34347.
Supreme Court of Florida.
October 20, 1965.
On Rehearing September 28, 1966.
*314 Scott, McCarthy, Preston & Steel and Dwight Sullivan, Miami, for petitioner.
Green & Hastings and Irma Robbins Feder, Miami, for Margaret Scott Butler.
Fred C. Davant, of Wicker, Smith, Blomqvist, Hinckley & Davant, Miami, for J.P. Canington.
PER CURIAM.
We have heard oral argument on the petition for certiorari to review a decision of the Court of Appeal, Third District, 172 So.2d 499, because of apparent jurisdiction in this court.
After oral argument and a careful study of the record and briefs, we conclude this *315 court is without jurisdiction in the matter because of lack of a direct conflict as required by the Constitution, Article V, Section 4, F.S.A.
The writ is discharged.
THORNAL, C.J., THOMAS, ROBERTS, and O'DONNELL, JJ., and TROWBRIDGE, Circuit Judge, concur.

ON REHEARING GRANTED
ROBERTS, Justice.
On rehearing granted we have reconsidered the question of direct-conflict jurisdiction posed by the petitioner, Sinclair Refining Co., and have concluded that the record proper in the cause brought here for review from the District Court of Appeal, Third District, discloses a conflict with a decision of the District Court of Appeal, Second District, on the same point of law. The factual background is set forth in the decision of the District Court, reported at 172 So.2d 499.
An examination of the record proper discloses that the trial court charged the jury:
"In awarding damages to the estate you may take into account such of the following items as may appear to have been established to your satisfaction in the evidence: * * * "Cost of his funeral and burial expense. * * *"
Upon reviewing the charges, the District Court said:
"We find no error in each of these particulars, as follows: As to the first contention [whether an instruction has been erroneously given or refused] this should be determined by considering it in connection with all other instructions, pleadings and evidence [see: Stanley v. State, 93 Fla. 372, 112 So. 73; Staicer v. Hall, Fla.App. 1961, 130 So.2d 113; Crosby v. Stubblebine, Fla.App. 1962, 142 So.2d 358], and an appellate court will not reverse the trial court if the aggregate charges given are complete, correct, and not likely to confuse or mislead the jury. See: Leonardi v. Walgreen Co., Fla.App. 1962, 146 So.2d 773; Williams v. Scott, Fla.App. 1963, 153 So.2d 18. Having reviewed the instructions given in light of the foregoing, we find no harmful error on the part of the trial court." (Emphasis supplied.)
The conflict is no less real because of the fact that the Third District appellate court in the case sub judice did not discuss the point of law involved and simply held, in general terms, that the trial court did not commit "harmful error" in its ruling on the matter in question. The giving of the charge by the trial court was assigned as error and argued on the appeal and, as noted, was, in effect, affirmed without discussion by the District Court. This court is now committed to the rule that such a disposition of a point of law, appearing in the record proper, may constitute a decisional conflict sufficient to invoke the direct-conflict jurisdiction of this court to review by certiorari the decision on such point made by a District Court of Appeal. See Foley v. Weaver Drugs, Inc., Fla. 1965, 177 So.2d 221; Home Development Company of St. Petersburg v. Bursani, Fla. 1965, 178 So.2d 113; and Young Spring & Wire Corp. v. Smith, Fla. 1965, 176 So.2d 903.
Having concluded that we have direct-conflict jurisdiction to review the decision of the Third District Court of Appeal, we have also considered the propriety of its decision of the legal question upon which a directly opposite conclusion was reached by the Second District Court of Appeal in Doby v. Griffin, Fla.App. 1965, 171 So.2d 404. This question may be stated as follows:
Are funeral expenses recoverable by the personal representative of a decedent's estate in a survival action brought under Section 45.11, Fla. Stat., to recover damages for the injuries to decedent's person *316 and property caused by the negligence or wrongful act of another?
In Doby v. Griffin, supra, the District Court of Appeal, Second District, held "no", and in this case the District Court of Appeal, Third District, held "yes".
Section 45.11, Fla. Stat., F.S.A., is known as the "survival statute" and provides for so-called "survival actions" as follows:
"No action for personal injuries and no other action shall die with the person, and all actions shall survive and may be instituted, maintained, prosecuted and defended in the name of the personal representative of the deceased, or in the name of such other person as may be provided by law."
In the instant case the survival action was brought by the widow of the decedent, as administratrix of his estate, to recover damages for the physical injuries and pain and suffering of the decedent and medical expense. Although no special claim was made in the complaint for the funeral expense, the plaintiff was allowed to adduce evidence of such expense (over the objection of the petitioner, one of the defendants) and the court charged the jury (also over the objection of the petitioner) that the "cost of his funeral and burial expense" could be considered by the jury in awarding damages to the plaintiff. As noted, this ruling was in effect affirmed without comment by the appellate court in the case presently before us. In Doby v. Griffin, supra, 171 So.2d 404, a survival action also brought by the administratrix of decedent's estate, it was held flatly and unequivocally by the Second District Court of Appeal that funeral expenses were not recoverable.
The decisions of this court respecting the items of damage recoverable in a survival action have established the rule that the death of the decedent is the "cut off" point beyond which the personal-representative-plaintiff may not go in proving and recovering, on behalf of the decedent's estate, the damages sustained by the decedent in his person and property on account of the tortious act of the defendant. See Ake v. Birnbaum, 156 Fla. 735, 25 So.2d 213; Epps v. Railway Express Agency, Fla. 1949, 40 So.2d 131; Ellis v. Brown, Fla. 1955, 77 So.2d 845; cf. Sullivan v. Sessions, Fla. 1955, 80 So.2d 706. As stated in Ake v. Birnbaum, supra, the damages recoverable in a survival action are only those "which deceased could have recovered had he lived and maintained the action."
Common logic dictates that a tortfeasor should be held answerable to someone for the funeral expense of the person fatally injured by his tortious act, just as the tortfeasor must answer for the medical expense necessitated by the injurious consequences of his tortious act; and it has been held in this state that, where the surviving husband brings suit under the Wrongful Death Act, Sec. 768.01 et seq., Fla. Stat., F.S.A., to recover from the tortfeasor the damages sustained by him on account of the wrongful death of his wife, the funeral expenses of the wife incurred and paid by the husband may be recovered by him where the amount thereof is claimed as special damages. See Potts v. Mulligan, 141 Fla. 685, 193 So. 767; Lithgow v. Hamilton, Fla. 1954, 69 So.2d 776; Legare v. United States, D.C.Fla. 1961, 195 F. Supp. 557. But where the surviving spouse is the wife, instead of the husband, her right to recover for the funeral expenses of the husband in a Wrongful Death action has been denied. Compare dictum at page 769 in Potts v. Mulligan, supra, 193 So. 767, commenting on Saucer v. Willys-Overland, Inc., 5 Cir., 49 F.2d 385 (in which the right of the widow to recover, in a Wrongful Death action, the expense of her husband's funeral was expressly denied.). And where the "named beneficiary" entitled to sue under the Wrongful Death Act was the administrator of the decedent's estate, it has been held by this court that funeral expenses of the decedent were not recoverable (although it also appeared that no special claim for such damages was made *317 in the complaint). See International Shoe Co. v. Hewitt, 1936, 123 Fla. 587, 167 So. 7.
We note that the Wrongful Death Act, Sec. 768.01 et seq., Fla. Stat., F.S.A., creates in the named beneficiaries (the order of succession being the surviving spouse, then the minor child or children if no spouse survives, then other dependents, and finally the executor or administrator of the estate of the decedent if no one of the other classes survives) a cause of action against the tortfeasor to recover "such damages as the party or parties entitled to sue may have sustained by reason of the death of the party killed; * * *" Sec. 768.02, ibid; and that it was indicated in Potts v. Mulligan, supra, that the obligation of the husband to pay for the funeral expenses of his deceased wife, and of a father to pay for the same for his deceased minor children, justified the designation of such expenditures as damages "sustained by reason of the death of the party killed", for which recovery should be allowed in a Wrongful Death action when specially claimed.
We recognize that in some jurisdictions the administrator cannot recover for damages occurring after death; see 22 Am.Jur.2d, Damages, Sec. 127, p. 183. But in other jurisdictions it has been held that the administrator can recover for such burial expenses; see 25A C.J.S. Death § 108, p. 946, which discusses both sides of the question; however, an exception has been recognized where a statute places a mandatory obligation on the administrator to pay reasonable funeral expenses, thereby reducing the estate under his administration to the extent of that amount. Section 733.20, Fla. Stat., F.S.A., makes it the duty of the administrator to pay the funeral expenses of his decedent.
At page 950, Volume 25A C.J.S., a rule is announced as follows:
"As a general rule, under statutes relating to death actions, an action may be maintained by an administrator for the benefit of the estate to recover for the medical and funeral expenses incurred by, or on behalf of, deceased after receiving the injury which caused his death, and, under some statutes, this action is not barred by an action by the administrator for the benefit of the widow and next of kin. In order to sustain the action, it must be shown that the estate was liable for these expenses."
The fact that in the next paragraph C.J.S. recognizes the rule "In some jurisdictions the administrator cannot recover funeral expenses" demonstrates the confusion among the courts of the various states on the subject.
See also 17 C.J. 1338 this language:
"* * * The widow, as such, sustains no loss on account of the funeral expenses of her husband. Liability for such funeral expenses rests upon the husband's estate, and can be recovered, if at all, only by the personal representative in an action on behalf of deceased's estate."
In considering the matter we have examined 15 Am.Jur. 511, which provides:
"In an action for personal injuries prosecuted under a general survival or revival act, the general rule is that damages may be recovered for the expenses incurred in consequence of the injury not only where the injury caused by the defendant is not the proximate cause of the death, but also where such injury is the proximate cause of the death. The rule applies to medical, nursing, and traveling expenses. The same result has been reached as to burial expenses where the injury inflicted by the defendant is the proximate cause of the death, especially where, by statute, burial expenses are made a debt of the decedent's estate. However, there is authority denying the right to recover either medical or funeral expenses."
In General Refractories Co. v. Mozier, 235 Ky. 252, 30 S.W.2d 952, the court held *318 that the administrator was the proper person to claim funeral expenses, commenting:
"* * * The father cannot recover for the burial expenses of a child, for under section 6, Kentucky Statutes, the administrator must pay the burial expenses out of the recovery for the death of the intestate and distribute the remainder to the heirs at law. The father was only entitled to the services of his child while he lived. When the child died the right of action for his death was vested in his administrator. His death caused the burial expenses. (Emphasis supplied).
The right of the administrator to recover funeral expenses was recognized in Pennsylvania in Migias v. United States, D.C., 167 F. Supp. 482. That court said "the administrator is entitled to recover the expenses of funeral, burial and monument in the total sum of $1426.95, which items are reasonable."
Also the right of the administrator to recover funeral expenses was recognized in Publix Cab Co. v. Colorado Nat. Bank, 139 Colo. 205, 338 P.2d 702, 78 A.L.R.2d 198, in which the court stated:
"4. Recovery of Funeral Expenses.

We have previously indicated our viewpoint as to the right of the Bank to recover funeral expenses separate and apart from the death claim. This question is wholly governed by the case of Kling v. Phayer, supra [130 Colo. 158, 274 P.2d 97], which was followed in Rigot v. Conda, 134 Colo. 375, 304 P.2d 629. We view this as a property claim which came into existence after the death of Anderson and it was proper to claim these expenses in an action other than the death claim. We are not called upon to determine whether funeral expenses are recoverable in addition to the amount which can be recovered in the death action inasmuch as the settlement of the death claim was in the amount of $7,500, whereas the limit was then $10,000, and thus the funeral expenses in the case at bar are within those limitations. Cf. Dillon v. Sterling Rendering Works, 106 Colo. 407, 106 P.2d 358."
On the other side of the coin, this court denied the right of the administrator to recover funeral expenses in the case of International Shoe Co. v. Hewitt, 167 So. 7, and at page 11 said:
"And in Florida East Coast R. Co. v. Hayes, 67 Fla. 101, 64 So. 504, 7 A.L.R. 1310, we held that in an action of this kind, an administrator may recover only the present monetary worth of the decedent's life to an estimated prospective estate to compensate for the estate that the decedent probably would have accumulated to leave at his death. This is a purely statutory action, and under the statute as previously interpreted by this court, the administrator cannot recover for funeral expenses. We admit that the decisions in other jurisdictions are by no means unanimous on this question. See 17 C.J. 1339, 1340; and Davis v. New York Central & H.R.R. Co., 233 N.Y. 242, 135 N.E. 277; Herning v. Holt Lumber Co., 153 Wis. 101, 140 N.W. 1102." (Emphasis supplied.)
In Doby v. Griffin (Fla.) supra, 171 So.2d 404, the Second District Court of Appeal held that funeral expenses are not recoverable in a survival action relying, among other things, on § 925, Comment i, of American Law Institute-Restatement of Torts, and on Spillman v. Weimaster, 275 Mich. 93, 265 N.W. 787, and quoted with approval from the Spillman case this language:
"`The trial court, over objection, permitted the plaintiff to submit evidence showing burial expenses of the deceased as an element of damages. The jury was instructed that if the plaintiff was entitled to recover, she should recover "for burial expenses." This action was brought under the Survival Act. Burial expenses are not recoverable in such an action.'"
*319 In Potts v. Mulligan, supra, 193 So. 767, this court cited with approval from Regan v. Davis, 290 Pa. 167, 138 A. 751, 54 A.L.R. 1073, as follows:
"`It is very generally held under similar statutes that the widow of one killed by another's negligence cannot ordinarily recover for medical services to the deceased. Regan v. Davis, 290 Pa. 167, 138 A. 751, 54 A.L.R. 1073.
"`The same reasoning applies to funeral expenses. The rule, of course, is otherwise in the case of the death of a minor child, or in an action by a surviving husband, to recover the funeral expenses of a deceased wife, for which the husband would be liable.'"
Still another rule appears in 15 Am. Jur. 511, Section 100:
"* * * Sometimes, on the ground that funeral expenses would have to be borne by the estate at some time, it is held that funeral expenses of the decedent, as a whole, are not to be taken into account, but that the interest on such expenses for the term of the decedent's life expectancy is properly included."
This statement is anchored to an Iowa case, Brady v. Haw (1919), 187 Iowa 501, 174 N.W. 331, 7 A.L.R. 1306. We have considered this theory, but are not sufficiently impressed to adopt it as a rule of this court.
It can thus be seen that if funeral expenses are not recoverable by a personal representative in a survival action, or in a suit by a personal representative under the Wrongful Death Act as was held in International Shoe Co. v. Hewitt, supra, 167 So. 7, nor in a suit by the surviving widow under the Wrongful Death Act as was indicated in Potts v. Mulligan, supra, 193 So. 767, the tortfeasor will in such cases go "free" insofar as this item of damage, resulting from his tortious act, is concerned.
In view of the foregoing, it is obvious that the law is at least uncertain in this state on the question of funeral expenses.
We, therefore, align this court with the decisions of those other courts which hold that the right to recover reasonable funeral expenses vests in the personal representative of a decedent who has been killed by the tortious act of another; and where such funeral expenses have been paid by a surviving spouse or parent or other person, that person would of course be entitled to reimbursement from the personal representative. Sec. 733.20, Fla. Stat., F.S.A.
In reaching this conclusion, we hereby expressly recede from a contrary rule announced in International Shoe Co. v. Hewitt (1936) 123 Fla. 587, 167 So. 7, and the decisions of this court holding that the surviving spouse or parent may recover for the funeral expenses of a deceased wife or child, and Ellis v. Brown (Fla.) 77 So.2d 845 is modified so as to conform to the view expressed herein. In fairness, we point out that Doby v. Griffin, supra, 171 So.2d 404, was anchored to existing authority at the time it was decided; however, the rule announced by the Second District Court of Appeal in that case, in view of what we have said herein, is not approved by this court and is overruled by this decision.
After full consideration of the Wrongful Death Statute § 768.01 and § 768.02, Fla. Stat., F.S.A., and also the survival statute, 45.11 Fla. Stat., F.S.A. we hold:
(1) Funeral expenses cannot be recovered in an action brought under the Wrongful Death Act, § 768.01 and § 768.02 by a surviving spouse, child or dependent.
(2) A personal representative can recover for funeral expenses in a survival action brought under § 45.11, Fla. Stat., F.S.A.
*320 (3) An administrator suing to recover funeral expenses derives his authority, and has the duty to sue, under the Probate laws, and it is therefore not necessary to show the non-existence of a widow or children or dependents in order to show a status to maintain the suit. Furthermore, the power is inherent in an administrator to sue for recovery of funeral expenses, since he is legally bound to pay them from estate funds.
Therefore, the Third District Court of Appeal, in the case here under review, in holding that the administratix was entitled to recover for funeral expenses of her decedent, is in conformity with the rule herein announced, and being without error, the writ of certiorari heretofore issued in this cause is discharged.
It is so ordered.
O'CONNELL, CALDWELL and ERVIN, JJ., and TROWBRIDGE, Circuit Judge, concur.
THORNAL, C.J., dissents with Opinion.
THOMAS, J., dissents and agrees with THORNAL, C.J.
THORNAL, Chief Justice (dissenting).
I do not wish to belabor the matter of jurisdiction. However, the majority opinion, simply expands the jurisdictional concepts of Foley v. Weaver Drugs, Inc., Fla., 177 So.2d 221, one step further. The majority there held that the Supreme Court could excavate the trial court records in an independent effort to unearth a "conflict" when a District Court affirms without opinion. Now they tell us that even when a District Court files a complete and detailed opinion, the Supreme Court may sua sponte dig back through the trial record in an effort to pick up something which, in its opinion the District Court has allegedly overlooked. One may recall that this was one of the evils which the dissenters foresaw as logically implicit in Foley. The next one will, of course, be an examination of the trial testimony as a part of the so-called "record proper". This will come, if it doesn't already inhere in the majority approach. Incidentally, the majority concept of what constitutes the "record proper" has never been definitively stated in any of these cases which judicially expand the jurisdiction of the Supreme Court.
Here the majority has constructed another vehicle to enable us to follow one of two rules of law, and I have no quarrel with the rule on the merits which has been approved. I simply do not agree that we have the power to reach it. Once again, I say that I have abounding respect for the opinions of my colleagues, and I regret that I find it necessary to record my disagreement.
THOMAS, J., concurs.